## PEET v. BEERS.

*A.* purchased of *B.* a tract of land in *Noble* county, received a deed, and simultaneously executed to *B.* a mortgage to secure an unpaid balance of the purchase-money. When *A.* received the deed there was a judgment against him in the *Noble* Circuit Court in favor of one *C.* *A.* afterward sold the land to one *D.*, who assumed the payment of the mortgage as

a part of the consideration, and paid the rest of the purchase-money. *Held,* that the lien of the judgment attached subject to the lien of *B.'s* mortgage. *Held,* also, that *D.,* by paying the mortgage to *B.,* became substituted as against *C.* in the place of *B.,* and entitled to all his rights and equities.

May Term, 1853.

PEET
v.
BEERS.

APPEAL from the *Noble* Circuit Court.

Monday,
May 23.

STUART, J.—*Peet* recovered judgment at law in the *Noble* Circuit Court against one *Nimmons.* At the time of the recovery, *Nimmons* owned no real estate. He subsequently purchased a tract of land in *Noble* county, paid part of the purchase-money, received a deed, and simultaneously therewith executed to the vendor a mortgage on the premises to secure the residue. The *Peet* judgment still remained unpaid at the date of the purchase.

*Nimmons* then sold the land to *Beers,* who assumed the payment of the mortgage as one part of the consideration; the residue he paid at the time of the purchase. *Beers,* in ignorance, as he alleges, of the *Peet* judgment, paid the mortgage to the vendor of *Nimmons.* Execution was afterwards issued in favor of *Peet* and levied on the *Beers* land. To enjoin the sale on this execution save as subject to the mortgage for the purchase-money, *Beers* filed his bill in chancery and obtained an injunction. The bill prays that *Beers* may be subrogated, as against *Peet,* to the rights of the mortgagee, whose prior lien for the purchase-money he was compelled to discharge.

Demurrer by *Peet* overruled, and decree in accordance with the prayer of the bill. *Peet* appeals.

Counsel for *Peet* say they are at a loss to know on what principle of law or equity this decree was rendered, and rely entirely on 1 Ind. R. 259. If the execution had been levied on the land prior to the sale by *Nimmons* to *Beers,* it will hardly be contended that the mortgagee could not, as against *Peet,* have proceeded in chancery to enforce his prior lien for the purchase-money. In other words, such sale must have been subject to the mortgage; for that was the extent of the leviable interest which the execution-defendant had in the land. The vendor's lien for the purchase-money was superior to that of the *Peet*

May Term,
1853.

Peet
v.
Beers.

judgment. 2 Story's Eq. sec. 1228.—1 Freem. Ch. 85.— 7 Blackf. 249.

The case cited above by counsel for *Peet*, simply decides that a judgment attaches as a lien on land subsequently purchased, the instant such judgment-debtor acquires title. 1 Ind. R. 259. But this doctrine must be taken with a qualification, namely, that such lien attaches, subject to the vendor's lien for the purchase-money.

This prepares the way to consider the main question. Was *Beers*, who paid off the vendor's lien, (or which was the same thing, the mortgage,) entitled, as against *Peet*, to be subrogated to the vendor's rights and equities?

The doctrine of subrogation, as between surety and principal, is well settled. But this case does not come within that class. Courts of equity have, however, carried the doctrine of subrogation much further than the relief of sureties. Several authorities decide that those standing in the situation of sureties, and those compelled to pay money to protect their rights, are entitled to be subrogated.

So, if a subsequent purchaser from the vendee is compelled to discharge the lien of the vendor, he is entitled to stand substituted in his place. 2 Story's Eq. 480.

From a large number of cases going more or less directly to the same point, we select two recent decisions.

The first is the case of *Buchan* v. *Sumner*, 2 Barb. Ch. R. 165. The elaborate opinion of the chancellor in this case closes in these words: " The general lien of a judgment-creditor upon the lands of his debtor is subject to all equities which existed against such lands, in favor of third persons, at the time of the recovery of the judgment. And courts of chancery will so control the legal lien of the judgment-creditor as to restrict it to the actual interest of the judgment-debtor in the property, so as fully to protect the rights of those who have a prior equitable interest in such property, or in its proceeds." In support of this doctrine, the chancellor cites 1 Paige 125.—2 Paige 217.—4 Paige 9.

The second case selected is also in the same reports—

*Wilkes* v. *Harris*.  In this case the Court reviews the case of *Buchan* v. *Sumner*, and cites with approbation the doctrine of the former decision.  And it is further added, that "it is perfectly well settled as a general principle of equity, that when one person or his property, stands in the situation of a surety for the payment of a debt for which another person or his property is primarily liable, the one who is secondarily liable is, upon payment of the debt to the original creditor, entitled to be subrogated to all the rights and remedies of such creditor. * * * And when the lien in such case is only equitable, it will be enforced in favor of the substituted creditor in preference to any subsequent lien."  2 Barb. Ch. R. 338.

Applying these principles to the facts before us, we have no difficulty in coming to a conclusion.  All that could have been levied upon, had *Nimmons* still held the land, is yet subject to *Peet's* execution.  He is restricted in his levy to the interest of *Nimmons*, the judgment-debtor, in the property.  So that the injunction cuts him off from no security which he ever had any right to claim. We therefore conclude that as against *Peet*, *Beers* is entitled to be subrogated to all the rights and equities of the vendor whose lien he has paid.

*Per Curiam.*—The decree is affirmed with costs.

*J. K. Edgerton*, for the appellant.

*J. B. Howe*, for the appellee.