No. 8792.

## AYERS v. ADAMS.

MORTGAGE.—*Subrogation.*—*Estoppel.*—*Vendor and Purchaser.*—*Payment and Entry of Satisfaction.*—A person who purchases real estate which is subject to a mortgage and a judgment lien, and who pays the mortgagee the prior lien and causes an entry of satisfaction to be entered of record without any knowledge of the judgment, is entitled to be subrogated to the rights of the mortgagee as against the judgment creditor and is not estopped to assert such right against such creditor who purchases the property at execution sale upon the judgment after the entry of satisfaction.

SAME.—*Preferred Creditor.*—*Fraudulent Conveyance.*—A mortgage, made by an insolvent debtor to secure a valid claim, is not invalid because it was executed while a suit was pending by another creditor against the mortgagor for the collection of a debt, and because it was made to give the mortgagee a preference over such other creditor.

SAME.—*Consideration.*—Where a mortgage is executed to secure pre-existing notes, no consideration other than the notes is necessary to support the mortgage.

SPECIAL FINDING.—*Presumption.*—*Burden of Issue.*—Where the special finding of the court is silent upon any question of fact, such fact is regarded as found against the party upon whom the burden of the issue rests.

From the Hendricks Circuit Court.

*J. V. Hadley, E. G. Hogate* and *R. B. Blake,* for appellant.
*L. M. Campbell,* for appellee.

BEST, C.—The appellant brought this suit, alleging in his complaint substantially that one James Ayers owned an undivided interest in a certain parcel of land in Hendricks county, Indiana; that, on the 24th day of February, 1877, and while he owned the land, he executed a mortgage upon it to the administrator of his father's estate, to secure two notes of $100 each, made by him to said decedent, which mortgage was duly recorded on February 27th, 1877; that, on the 25th of March thereafter, the appellee recovered a judgment for $200 against said James Ayers, which became a lien upon said land junior to the lien of said mortgage, and afterward, to wit, on the 28th of December, 1877, the appellant, without

any knowledge of said judgment, purchased said land of said James Ayers, who conveyed the same to him by warranty deed; that, as a part of the purchase price of said land, appellant agreed to pay said mortgage, and, in pursuance of said contract and to protect his title, he did, in January, 1878, pay $318.85, in full satisfaction of the same, to said administrator, who entered the same satisfied of record; that afterward, to wit, on the 4th day of May, 1878, the appellee caused said land to be sold at sheriff's sale to satisfy said judgment, and became himself the purchaser with full notice that appellant claimed an equitable lien upon said land for the amount he had paid in extinguishment of said mortgage; that the appellee, by virtue of his purchase, is claiming a paramount lien as against appellant. Wherefore he asks that he may be subrogated to the rights of the mortgagee, and that his lien be declared prior to that of the appellee.

An answer of three paragraphs was filed. The first was a general denial. The second averred that, before the appellee caused an execution to issue upon his judgment, the appellant had caused satisfaction of the mortgage mentioned in the complaint to be entered of record, with full knowledge of the appellee's judgment; that, thereafter, the appellee, "at great trouble, cost and expense to himself," caused the land to be sold in satisfaction of his judgment, and became himself the purchaser, by reason of which the appellant is estopped. The third averred that James Ayers was not indebted to the decedent William Ayers, and that the mortgage to the administrator and the deed to the appellant were made and accepted for the purpose of defrauding the appellee out of his claim.

A demurrer for the want of facts was overruled to the second paragraph of the answer, after which a reply of denial was filed. The issues were tried by the court and a finding made for the appellee. At his request, the court found the facts specially, and stated its conclusions of law thereon.

The appellant excepted to the conclusions of law, moved

for a new trial, which was overruled, and final judgment was rendered for the appellee.

The appellant has assigned the following errors:

" 1st. That the court erred in overruling the demurrer to the second paragraph of the answer;

" 2d. That it erred in its conclusions of law upon the facts found; and,

" 3d. That it erred in overruling the motion for a new trial."

These assignments will be considered in the order of their statement.

The second paragraph of the answer was clearly bad, as the facts averred did not estop the appellant from insisting that the mortgage should be treated as an existing lien, prior in point of time to the appellee's judgment. The mere entry of satisfaction was not an assurance that the appellant was not entitled to be subrogated to the rights of the mortgagee, nor was it an invitation to the appellee to invest his money in the property, which was done, for aught that is averred, with full knowledge of all the facts. The paragraph was bad, and the demurrer was improperly overruled.

The second assignment questions the correctness of the court's conclusions of law upon the facts found. To determine this question, it is not necessary to set out the finding of facts. The appellant averred, and it was necessary for him to prove in order to recover, that he had paid the mortgage. The finding is silent upon this question of fact. The finding being silent upon this question, it is regarded as found against the appellant, as has often been decided by this court. *Graham* v. *State, ex rel.*, 66 Ind. 386 ; *Parker* v. *Hubble*, 75 Ind. 580. In the absence of an affirmative finding of this fact in favor of the appellant, he was not entitled to judgment, and hence there was no error in the conclusions of law upon the facts found.

The motion for a new trial questions the sufficiency of the evidence to support the finding.

The burthen of the issue formed by the complaint and the general denial was upon the appellant. The undisputed facts, as established by the evidence, made for him a *prima facie* case. The facts are, that William Ayers died on the 15th of January, 1877, leaving a wife and seven children surviving him, to whom eighty odd acres of land descended. The appellant was one, and James, the execution debtor, was another. Immediately after the death of William Ayers, the appellee commenced a suit against James, upon the claim he held against him, and pending this suit James Ayers, at the instance of the administrator of the estate of William Ayers, deceased, executed a mortgage upon the interest in the land so inherited from his father, to secure the payment of two notes made by him to his father four or five years before, for borrowed money. This mortgage was at once recorded, and afterwards, to wit, on the 20th of March, 1877, the appellee recovered judgment against James, in the Hendricks Circuit Court, for $200. In December, 1877, James Ayers conveyed the land to the appellant, who agreed, in consideration of such conveyance, to pay the mortgage then held by the administrator, which then amounted to $318.85; and afterwards the appellant did pay the mortgage, by executing a receipt to the administrator for such portion of the sum secured by it as he was entitled to upon distribution, and by obtaining from his mother, his brothers and sisters like receipts for their respective shares upon distribution, which vouchers the administrator accepted in payment of the mortgage, and entered it satisfied of record. Afterwards the appellee caused an execution to issue upon his judgment, and the land was sold to satisfy it, he, himself, becoming the purchaser. These facts entitled the appellant to the relief sought. The point is made, that the evidence does not satisfactorily show that the appellant paid his mother, brothers and sisters anything for the vouchers obtained from them. It was not necessary that it should. They were entitled to the fund secured by the mortgage upon distribution. The gift of their respective interests transferred the same rights as a pur-

chase and a payment. In either case, the appellant became the beneficiary of the fund, and the production and acceptance of the vouchers operated as a payment of the mortgage precisely as though the money had been paid and refunded to him upon the vouchers. The appellant was himself entitled to a part of the fund upon distribution, and as to that part there can be no question that his voucher operated as a payment *pro tanto*. James also executed his voucher for his share, for which the appellant paid him nothing at the time; but the appellant testified that James owed him the amount of his voucher; and this was not disputed. If, under the circumstances, it would be inequitable to allow the appellant the amount of James' voucher, this fact would not destroy the entire payment made, but would only diminish the amount paid.

The burthen of the issue formed by the third paragraph of the answer and the reply in denial was upon the appellee, and was not proved. There was no pretence that the notes of the decedent were not valid and binding obligations, nor that the mortgage was not taken to secure the notes. It is true that it was not taken until after the institution of the appellee's suit, but this fact did not preclude the debtor from executing, or the administrator from accepting, the mortgage. A debtor may prefer one creditor to another, and he may do this by mortgage while a suit is pending by the other. The validity of a mortgage is not impaired by the fact that the debtor intended to give the mortgagee a priority over other creditors. This he has a legal right to do, and the creditor is authorized to accept the preference. Bump Fraud. Conveyances, page 186.

This was all that was done. No consideration, such as the extension of time, was given for the mortgage, and the finding seems to proceed upon the assumption that some consideration other than the notes was necessary to uphold the mortgage. This was a mistake. No other consideration was necessary.

The appellee says that "this is one of the cases where the record makes a very poor showing of what the real facts were,"

but, of course, we can only determine these questions from the record before us.

For these reasons, we think the motion for a new trial was also improperly overruled, and that the judgment should be reversed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby reversed in all things, at the appellee's costs, with instructions to grant a new trial, and sustain the demurrer to the second paragraph of the answer.