Dodge *v.* Pope.

Filed Feb. 16, 1884.

---

No. 9033.

## DODGE *v.* POPE.

PRACTICE.—*Special Finding.*—*New Trial.*—*Evidence.*—Where a special finding is silent upon a material fact, it is deemed a finding as to that fact against the party who has the burden of proof, and if it is against the evidence the appropriate remedy is by a motion for a new trial.

SAME.—*Effect of Exceptions to Conclusions of Law.*—The effect of an exception to the conclusions of law stated on a special finding is to concede the correctness of the finding for the purposes of the exception, but it does not cut off a motion for a new trial.

SAME.—*Motion for New Trial.*—*Time of Filing.*—The code of 1852 required that the motion for a new trial should be filed at the term at which the special finding of facts was filed.

SAME.—*Effect of Adding to Special Finding.*—Where the appellant procures an addition to be made to special finding at a former term, he can not complain of the action of the court, and where the additions are made by directing that the record of the former term be interlined, they will be deemed, as against the party procuring the order, to have been made at that term.

PROMISSORY NOTE.—*Sale of.*—*Estoppel.*—*Representations of Assignor of Mortgage.*—The holder of notes secured by mortgage who represents to a person to whom he offers such notes for sale, that the mortgage by which they are secured is a paramount lien, and thereby induces the

Dodge v. Pope.

person to whom such representations are made to buy the notes, can not afterwards assert, to the injury of the buyer of such notes, that there was a prior mortgage.

SAME.—*Extent of Estoppel.*—One who represents a fact to exist and thereby induces another to act is estopped not only to deny that such a fact does exist, but he is also estopped to dispute any of the legal consequences of the fact represented to exist.

FRAUD.—*Representations of Matters of Record.*—*Mortgage.*—A party who represents that the mortgage which he offers for sale is the only mortgage of record is bound by such representation, although an examination of the record would have disclosed the existence of a prior mortgage.

From the Elkhart Circuit Court.

*J. S. Frazer* and *H. C. Dodge,* for appellant.

*J. H. Baker, J. A. S. Mitchell* and *J. M. Vanfleet,* for appellee.

ELLIOTT, J.—The appellant and his brothers and sisters were the owners by inheritance and as tenants in common of a tract of land. In proceedings for partition, had in April, 1867, a decree was rendered assigning to appellant eleven twenty-fifths of the land, adjudging that Alice and George Dodge had no interest in the land, and requiring Henry C. Dodge, the appellant, to execute to their guardian a mortgage for $1,100, and that notes of $550 each should be executed; in accordance with this decree, appellant undertook to execute a mortgage on the land, but by mistake of the scriveners who drew the instrument, it was misdescribed; on the 11th day of December, 187–, appellant and his wife executed to Elizabeth Manchester a deed, wherein the consideration was stated to be $3,500, and in which it was written that the grantors " convey and warrant all their right, title and interest in and to the real estate." It was agreed that appellant should procure his brothers, who were joint owners with him, to convey all their interest in the land to Mrs. Manchester, and this he did procure to be done. In addition to the consideration stated in the deed, a house and lot of the estimated value of $4,000 was also conveyed by Mrs. Man-

chester to appellant; the consideration expressed in the deed was not paid in money, but to secure it the grantee and her husband executed to the appellant and his brothers five promissory notes and a mortgage covering the land and all their interest therein.   Mrs. Manchester had no actual notice of the mortgage executed by appellant to the guardian of George and Alice Dodge; in 1869 the appellee became the owner of the last of the notes executed by Elizabeth Manchester by assignment from the appellant and his brothers.   To induce appellee to purchase the note, appellant represented to him that it was secured by a first mortgage, and acting on this representation the former bought the note in ignorance of the existence of a prior mortgage, and, shortly after the purchase of the note just mentioned, appellee purchased the fourth note of one Proctor, to whom it had been assigned by appellant and his brothers.   In March, 1870, appellee obtained a decree of foreclosure for the sale of the mortgaged premises, and on the sale under this decree obtained title to the land; after he had secured a sheriff's deed, appellee learned of the existence of the mortgage executed to the guardian of George and Alice Dodge, and agreed with Mrs. Manchester that if she would secure its release he would pay the amount to her; under this agreement appellee paid the guardian $1,000 for the notes and mortgage, and took an assignment of the notes and secured a release of the mortgage, afterwards the notes were endorsed by him to Mrs. Manchester, but before this was done appellant informed her that Pope could not assign the notes without transferring the mortgage, and that he would give her $400 for the notes; at the time Pope purchased of the guardian the notes and mortgage, it was his intention to keep the notes alive as a personal charge against the maker but not the mortgage.   The notes were assigned to Mrs. Manchester as a voluntary gift, and she took them as charges against the maker personally and not as liens upon appellee's land.

We have extracted from the special finding, which is very

lengthy, the material facts requiring attention from us; but before proceeding to determine what the law of the case is upon the facts found we turn to some questions of practice which the record presents.

The appellant moved the court to add to its special finding a finding upon several points stated in the motion, but on appeal presses only one of these points. It is said that the court ought to have found whether or not Mrs. Manchester assumed the mortgage executed by the appellant to the guardian of his brother and sister, George and Alice. We think the court did find upon this point, for its finding is that Mrs. Manchester had no knowledge of the existence of that mortgage. If, however, the finding had been silent on that subject it would be regarded as against the appellant, for the reason that upon him rested the burden of proof. It is now well settled that where the finding is silent upon a material point it is to be deemed to be adverse to the party upon whom rests the burden of establishing that point. *Dixon* v. *Duke,* 85 Ind. 434; *Ayers* v. *Adams,* 82 Ind. 109; *Talburt* v. *Berkshire L. Ins. Co.,* 80 Ind. 434; *Jones* v. *Baird,* 76 Ind. 164; *Henderson* v. *Dickey,* 76 Ind. 264; *Stropes* v. *Board, etc.,* 72 Ind. 42; *Ex Parte Walls,* 73 Ind. 95.

If the finding is against the evidence, then the remedy is by a motion for a new trial upon the ground that the finding is contrary to the evidence. *Spraker* v. *Armstrong,* 79 Ind. 577; *Ex Parte Walls, supra; Vannoy* v. *Duprez,* 72 Ind. 26; *Gauntt* v. *State, ex rel.,* 81 Ind. 137; *Ayers* v. *Adams, supra.*

An exception to the conclusions of law stated by the court concedes for the purposes of the exception the truth of the finding, but it does not cut off a motion for a new trial. If the finding is against the evidence, then, notwithstanding the fact that exceptions have been alleged against the conclusions of law, the party is entitled to contest the correctness of the finding of facts by a proper motion for a new trial filed in due season. *Bertelson* v. *Bower,* 81 Ind. 512; *Robinson* v. *Snyder,* 74 Ind. 110.

The special finding was filed at the September term, 1880, but no conclusions of law were stated until the December term of that year.    At this term conclusions of law were announced and judgment rendered; prior, however, to the rendition of judgment, appellant requested the court to make some additions to the special finding, and the appellee not objecting the court directed that the original finding should be interlined, as also the entry on the order book.    We do not think such a change as was made in this case, and when made as it was here made, can be deemed anything more than a mere *nunc pro tunc* entry.    The case must, therefore, be considered as one in which the special finding is to be regarded as having been fully made and filed at the term in which it was entered of record.    At the same December term in which the conclusions of law were stated, appellant moved for a new trial, and this motion was afterwards struck from the files at the request of the appellee.    As we have seen, the appellant had a right to file his motion for a new trial, and the only question is whether the motion was filed in season.

Under the code of 1852 it was imperatively necessary that the motion for a new trial should be filed at the term at which the decision was made.    The question in this case is, when was the decision of the court rendered, at the September term when the special finding was filed, or at the December term when the conclusions of law were stated?    This question is settled by the case of *Wilson* v. *Vance*, 55 Ind. 394, where it was said: "The term 'decision,' as used in the above statute, is clearly used in the sense of finding upon the facts where the cause is tried by the court."    In *Rosenzweig* v. *Frazer*, 82 Ind. 342, it is shown that the words "finding" and "decision," as used in the statute, are synonymous, that there is a distinction between a judgment and a finding, and it is held that a motion for a new trial, stating for cause that the judgment is not sustained by the evidence, presents no question as to the correctness of the finding.    In *Christy* v. *Smith*, 80 Ind. 573, the extract we have here made from *Wilson* v.

Dodge v. Pope.

*Vance, supra,* was copied into the opinion and expressly approved. Throughout all the cases upon this general subject finding and verdict are classed together, and invariably treated as coming under the same rule. *Jones* v. *Jones,* 91 Ind. 72; *Myers* v. *Jarboe,* 56 Ind. 57; *Cutsinger* v. *Nebeker,* 58 Ind. 401; *Northcutt* v. *Buckles,* 60 Ind. 577; *Smith* v. *Little,* 67 Ind. 549. As the finding or decision of the court upon the facts is placed on the same footing as a verdict of a jury, it must follow, as our cases declare it does, that the same rules as to new trials govern as in cases of verdicts. It is quite clear that where a special verdict is returned, the party dissatisfied with the conclusions of the jury must move for a new trial at the term at which the verdict was returned, and this being true of a verdict it must also be true of a special finding. The court below did not err in striking out appellant's motion for a new trial.

We come now to the questions presented by the exceptions to the conclusions of law stated on the special finding. The contention of appellant is that the land mortgaged to the guardian is the primary fund out of which the sum evidenced by the notes executed to the guardian, and of which the appellee made a gift to Mrs. Manchester, should be satisfied. We do not deem it necessary to follow counsel in their argument, for, in our opinion, a plain principle of law determines this case in favor of the appellee, and that principle is this: Where one, with knowledge of his rights and of the facts, makes a statement to another to induce him to act in a given way, and the statement produces the effect designed, and causes the person who acts upon it to part with value, he by whom the statement was made can not be afterwards heard to deny its truth. The case at bar falls far within the rule. The appellant had been the owner of the land; he was in full possession of all the facts; he desired to influence appellee to buy the notes; he made the representation to carry this design into execution; he succeeded, and induced appellee to buy upon the faith that the mortgage was the first lien, and

he has now no right to aver the contrary. The case is stronger than most, for here the appellant stands in the double capacity of assignor, with the money for the thing assigned in his hands, and of one who has made a representation to another upon which he expected him to act.

The fact that the mortgage was of record does not change the rule. If a party makes an express statement that there is no mortgage on the land in which he endeavors to sell an interest, he is bound, notwithstanding the fact that an examination of the record would have disclosed the existence of a prior mortgage. *Campbell* v. *Frankem*, 65 Ind. 591.

Judgment affirmed.

Filed Nov. 22, 1883.

### ON PETITION FOR A REHEARING.

ELLIOTT, J.—We deem it only necessary to notice two points made in the argument on the petition for a rehearing, as the others are fully covered by our former opinion.

It may be true, as appellant now contends, that it was error to add to the record at the subsequent term; but we are unable to see how appellant can expect to have a complaint made by him heeded or regarded. The change in the record was procured by him, and he is in no situation to complain. If he had desired to question the course pursued by the court, he should have adopted a very different line of action from that pursued by him; he acquiesced in the ruling of the court without objection or exception, and he has, on this branch of the case, no question in the record.

We are well satisfied that the representation made by the appellant to the appellee that the mortgage bought by the latter, and upon which he secured title, was the first mortgage, estops the appellant from disturbing appellee's title, or from recovering money from him on account of the mortgage of an antecedent date. The representation made by the appellant was one upon which the appellee had a right to rely, and

Dodge *v.* Pope.

he was not bound to look behind the mortgage represented to him to be the first, for the purpose of ascertaining whether there were holders of apparent equities whom it was necessary to make parties to the foreclosure suit.

The representation estopped the appellant from asserting that there was any mortgage anterior in date to that sold by ·him to the appellee. Having once affirmed that the mortgage which he induced the appellee to buy was the oldest, he can not, in the face of that representation, be heard to aver that there was an older mortgage.   As against the appellee, he can not gainsay what he said;  he can not bring forth a mortgage older in date for any purpose whatsoever.

A representation operates to estop the person making it from denying or evading the legal effect of the fact represented to exist. · An estoppel is by no means confined to the bare existence or non-existence of the fact, but extends to the legal consequences directly and legitimately resulting from the fact.    We have not made the estoppel reach beyond the effect of the representation.    The legal effect of the estoppel extends to appellee's entire conduct, the purchase of the mortgage, the foreclosure suit, and the acquisition of title. In all rights acquired by virtue of these things, he is entitled to protection against a claim founded on a mortgage anterior in date. Appellant can not make the antecedent mortgage available against the appellee in any form. Having said there was no such thing, he can not now say there was such a thing. In equity and in law, the appellant has no right to suggest that there was such a mortgage.   In no shape or form is he entitled to benefit from it to appellee's injury.

Petition overruled.

Filed Feb. 20, 1884.