Krug *et al. v.* Davis.

No. 12,129.

KRUG ET AL. *v.* DAVIS.

PRACTICE.—*Burden of Proof.—Special Finding.*—A party who has the burden of proof can not recover unless all the facts essential to a recovery appear in the special finding.

LANDLORD AND TENANT. —*Crops.—Trespasser.—Notice.—Purchaser Pendente Lite.*—The relation of landlord and tenant can not be created by an entry upon land without right, and the person who so enters can not take away crops sown by him, and one who enters during pending litigation, is chargeable with notice and is bound by the judgment rendered.

SAME.—*Dismissal of Action.—Judgment.*—One who assumes to acquire an interest in land while an appeal is pending, is bound by the judgment rendered on appeal, and the dismissal of the action upon its return to the trial court does not relieve him.

PRACTICE.—*Judgment Correcting Error in Special Finding. —Harmless Error.*— Where an error in a special finding is corrected by the final judgment, the error is rendered harmless.

From the Montgomery Circuit Court.

*G. W. Paul* and *J. E. Humphries*, for appellants.

*P. S. Kennedy, S. C. Kennedy* and *E. C. Snyder*, for appellee.

ELLIOTT, J.—The principal question in this case is set at rest by the cases of *Paul* v. *Davis*, 100 Ind. 422, *Humphries* v. *Davis*, 100 Ind. 274, *Humphries* v. *Davis*, 100 Ind. 369, *Davis* v. *Krug*, 95 Ind. 1, and *Krug* v. *Davis*, 87 Ind. 590.

The special finding shows that the appellant John Krug entered into possession of the land in controversy under the title of his wife, Elizabeth Krug, and that the title asserted by her was acquired as the alleged heir of her natural daughter, Emily Davis, who became the adopted daughter of Isaac Davis and his wife, Jessie Davis. It is also stated in the finding that a judgment in partition was rendered in the suit of Elizabeth Krug against Isaac Davis, setting off to her the land in dispute, and that "said partition suit was appealed to the Supreme Court, and was in all things reversed before the said wheat crop was harvested." It is further stated that a re-

ceiver was appointed, and that the wheat sown by John Krug is now in the receiver's possession. The court stated as conclusions of law, that Elizabeth Krug did not inherit the land from her daughter, Emily Davis, and had no title to it; that the defendants were in the wrongful possession of the land, and that the appellee was entitled to the wheat in the hands of the receiver.

It is a familiar rule, that a party having the burden of the issue can not recover, unless all the facts essential to a recovery appear in the special finding. *Pittsburgh, etc., R. R. Co. v. Spencer*, 98 Ind. 186; *Dodge v. Pope*, 93 Ind. 480; *Dixon v. Duke*, 85 Ind. 434; *Ayers v. Adams*, 82 Ind. 109; *Ex Parte Walls*, 73 Ind. 95; *Stropes v. Board, etc.*, 72 Ind. 42. This rule applies to the possessory right here asserted by John Krug.

The appellee's case was made out, when it appeared that he was the owner of the land, and that the appellant John Krug had entered into possession under Elizabeth Krug, who had no right or title to the land. If the person under whom he entered had no title or right to the land, she could convey none, and it devolved upon John Krug, when this fact appeared, to show some claim which warranted him in sowing the wheat which he now claims. There is nothing indicating that he possessed any such right. We must infer from the finding that he had full knowledge of all the facts, and if he did have this knowledge, he was chargeable with notice of the legal consequences resulting from them. *Dodge v. Pope*, *supra*. If he knew that his wife had no title, and no right to lease the land to him, then he was a mere naked trespasser. It is quite clear that no mere wrong-doer, who has neither right nor title, can successfully assert a right to crops. A trespasser can not, by his own wrongful act, create the relation of landlord and tenant, and it is this relation which confers the right to away-going crops. Wood Landlord and Tenant, p. 970.

If it had appeared that John Krug had entered into possession without knowledge of the facts, after the rendition of the decree in the partition suit and before appeal, a serious question would have been presented. But the inference is against him upon these points, for the presumption is in favor of the ruling of the trial court. It must be inferred that he acquired possession while the litigation was still pending, and if he did, he is bound by the ultimate judgment rendered. If the appeal was pending, he entered into possession at his peril, and is bound by the final judgment rendered in the cause. A party who acquires rights *pendente lite* is bound by the judgment which terminates the litigation.

The fact that when the partition case went back into the trial court upon the judgment of reversal, the appellants, therein the plaintiffs, dismissed it, does not help Mr. Krug. There was not the semblance of title or right in his wife after the dismissal, and as she had none, neither had her husband, whose only claim was through her.

The court below dealt very liberally with John Krug, for it required the appellee to pay all the costs and expenses of the receivership, and decreed that the value of the wheat should be credited on the amount of the damages awarded the appellee. This certainly was all Krug could justly ask, and, in strictness, was more than he was entitled to receive. The effect of this decree was to allot to Krug the value of his crops, and to award to the appellee the rental value of his land. If an error had been committed in any of the conclusions of law, the final judgment, so favorable to the appellants, would have rendered it harmless.

Judgment affirmed.

Filed Feb. 13, 1885; petition for a rehearing overruled April 3, 1885.