Wolf *et al. v.* Zimmerman.

Filed March 21, 1891.

* * *

No. 14,658.

## WOLF ET AL. *v.* ZIMMERMAN.

MARRIED WOMAN.—*Contract of Suretyship.*—*Estoppel.*—A husband and wife executed a second mortgage upon two parcels of land, one of which was owned by the husband and wife jointly, the other by the husband in severalty, to indemnify the mortgagees against loss as sureties for the husband. To enable the husband and wife to borrow money to discharge the lien of the first mortgage and thereby to avoid a threatened foreclosure, the indemnifying mortgage was released on the agreement of the husband and wife to execute a junior mortgage in place of the released mortgage, and assign to the mortgagees, as collateral security, a note belonging to the wife.

*Held*, that the wife was the surety of the husband in the entire transaction; that she was entitled to the possession of the note pledged as collateral security, not being estopped to assert her right to the possession, as the mortgagees, with knowledge of the facts, were chargeable with knowledge of the legal consequences.

From the Wabash Circuit Court.

*M. H. Kidd* and *N. G. Hunter,* for appellants.
*A. Hess,* for appellee.

ELLIOTT, J.—The appellee asserts that she is the owner of a promissory note executed by David R. Speichen, and that the appellants wrongfully withhold possession of it from her. The controlling questions arise on the answer. The material facts contained in it are these : On the 23d day of July, 1881, the appellee and her husband executed to the appellants a mortgage upon two parcels of land, one of which was owned by the husband and wife jointly, the other by the husband in severalty. This mortgage was executed to indemnify the appellants against loss upon their undertaking as sureties for the husband in a note.executed by him. At the time the indemnifying mortgage was executed there were two purchase-money mortgages upon the land, one of these embraced only the tract owned by the husband ; the other embraced both tracts. The holders of the purchase-money mortgages pressed for payment of their liens, and the mortgagors sought to avoid foreclosure by borrowing three thousand dollars with which to discharge the lien for the unpaid purchase-money, and this they could not do without securing a release of the indemnifying mortgage executed to the appellants. To induce the appellants to release their mortgage, and enable the appellee and her husband to secure the money needed to pay the purchase-money mortgages, the appellee and her husband agreed to execute a junior mortgage, and to assign the note in controversy to the appellants. The original indemnifying mortgage was released, the money was borrowed, a second indemnifying mortgage was executed, and the note was assigned in due form.

It seems clear that the contract for which the promissory note in controversy stands as a collateral security created an obligation against the husband as principal and that the wife occupies the position of a surety. The indemnifying mortgage in which the wife joined was not for her benefit ;

it secured no debt of hers, nor brought her any money or property. She was not, therefore, bound by that mortgage nor by the promise contained in it, although it was effective against her husband and his property. This indemnifying mortgage was removed, it is true, from all the property, but it was not given to secure the debt of the wife or to benefit her in any manner. At the outset, the debt, or obligation, was unquestionably that of the husband, at no time did it become that of the wife. In joining her husband in executing a mortgage she did not incur a debt as principal; from first to last she occupied the position of a surety. The consideration for the original mortgage moved to the husband alone, and that consideration remained unchanged. The first indemnifying mortgage secured the sureties of the husband, and nothing was done to change the relation of the parties to the original debt. It is true that a wife may join with the husband in conveying or mortgaging his separate property for his debt, but she does not become the principal obligor. The case of *Fitzpatrick* v. *Papa*, 89 Ind. 17, is not in point, for the reason that the obligation secured by the indemnifying mortgage was not a lien upon the land of the wife, since she could not bind herself to indemnify persons who assumed the obligation of sureties for the debt of the husband. The case of *Warey* v. *Forst*, 102 Ind. 205, must be regarded as an authority against the appellants, for it was there held that the obligation of a married woman executed to secure the debt of the husband and to prevent threatened litigation, is void. The fact that the husband and wife were tenants by entireties of one of the parcels of land does not add strength to the appellants' case, for land so held can not be mortgaged to secure the obligation of the husband. *Dodge* v. *Kinzy*, 101 Ind. 102.

The purchase-money mortgages undoubtedly bound both parcels of land, but the appellants neither held those mortgages nor paid any part of them, and hence they can base no rights upon them. All that they did was to consent to

release a junior mortgage to let in a mortgage to secure a loan to pay the purchase-money mortgages, but the consideration of their mortgage was not changed ; it remained, from first to last, a security for the obligation of the husband. The question is not as to the consideration which induced the appellants to release their indemnifying mortgage and accept another of equal rank, for the question is, whose obligation was secured by the assignment of the promissory note in controversy ?

The wife did not assign the note to secure her own debt, for she owed the appellants no debt.  She did not assign the note to make her sureties secure, for no one had undertaken as surety for her.  The only obligation secured was that of her husband, and as he was the principal obligor she could occupy no other relation than that of surety.

The question is not whether the wife received a sufficient consideration for her promise, so that the cases of *Wolford* v. *Powers,* 85 Ind. 294, and *Keller* v. *Orr,* 106 Ind. 406, are not relevant to the controversy.  The question is whether the wife was, or was not, the surety of the husband ?  If she was, the contract is void, for so the statute declares.  That she was a surety, and not a principal, seems clear.

If it be true that the wife's contract was one of suretyship (and that it is true we think has been demonstrated), then it must follow that the appellants obtained no enforceable contract from her ; and if they obtained no such contract, there was none for which she could pledge her property as collateral security.  In other words, if the wife's contract was void there was nothing to secure, and, if nothing to secure, the appellants could not possibly acquire a right to her property.  That this is so is evident when it is brought to mind that a void contract can create no rights.

There is no estoppel, for all the facts were known to the appellants, and an estoppel can not exist in such a case as this, where parties have the same knowledge of the material facts.  The appellants knew that as a matter of fact the ob-

ligation was that of the husband, and with this knowledge they were bound to know, as matter of law, that the wife's contract was void. A party who has full knowledge of the facts is chargeable with knowledge of the legal consequences flowing from them. *Dodge* v. *Pope*, 93 Ind. 480; *Krug* v. *Davis*, 101 Ind. 75.

Judgment affirmed.

Filed Jan. 9, 1891; petition for a rehearing overruled March 21, 1891.