Gavin, J.
Section 5115, R. S. 1881, being section 6960, R. S. 1894, reads as follows:
“All the legal disabilities of married women to make contracts are hereby abolished, except as herein otherwise provided.”
By section 5117, R. S. 1881, section 6962, R. S. 1894, it is provided that a married woman may acquire and hold real and personal property, and the same with its proceeds shall be under her control the same as though she were unmarried. “And she may, in her own name, as if she were unmarried, at any time during coverture, sell, barter, exchange and convey her personal property; and she may also, in like manner, make any contracts with reference to the same; but she shall not enter into any executory contract to sell or convey or mortgage her real estate, nor shall she convey or mortgage the same, unless her husband join in such contract, conveyance or mortgage: Provided, however, That she shall be bound by an estoppel in pais like any other person.”
Section 5119, R. S. 1881 (section 6954, R. S. 1894), is: “A married woman shall not enter into any contract of suretyship, whether as indorser, guarantor, or in any other manner; and such contract,as to her, shall be void.”
Under these statutes ability is the rule and disability to contract, on the part of a married woman, is the ex *458 ception. Arnold v. Engleman, 103 Ind. 512; Cummings v. Martin, 128 Ind. 20.
It is earnestly contended by counsel for the appellant that section 5119, supra, can not and ought not to be construed as a limitation upon the power expressly conferred by section 5117, supra, “to make any contracts” with reference to her personal property. Counsel would apply the inhibition simply to her contracts with reference to her real estate. We can not regard this as a fair construction of the statute.
These sections are all parts of one act passed for the relief and protection of married women, and they are to be liberally construed to effectuate the purpose intended. Long v. Crosson, 119 Ind. 3.
The different sections must all be construed together, and when this is done we have no doubt that the plain intent of the legislature was to prohibit every contract of suretyship in any form whatever, whether it operated upon the real or personal property of the married woman.
In Johnson v. Jouchert, 124 Ind. 105, it is also said: “A married woman, by force of section 5119, is protected, as at common law, in all transactions which do not relate to or benefit her separate estate, or business, or which are not to her personal benefit.’
Without the provisions of section 5119, supra, the wife could mortgage her realty, as well as her personalty, to secure a surety obligation. We can see no good reason for limiting the inhibition to real estate. There is in the section itself no such limitation.
In this case appellee recovered an organ which had been delivered by her as a pledge to secure a debt of her husband’s, and an instrument was executed by the appellant and husband showing that the organ was received as security for part payment of a team of horses sold by appellant to the husband, with a right of redemption *459 up to a certain date, and if not so redeemed, the organ to become the absolute property of appellant at his option.
It is strenuously argued by counsel that because this instrument was not signed by appellee nor any personal obligation assumed by her to pay the debt, no liability of suretyship was created. The transaction was clearly (upon appellee’s version at least, and this the jury accepted) a pledge of her property to secure her husband’s ■debt. Whenever the result of the transaction is such as to impose upon the wife’s property a liability to answer for the debt of another, she must be regarded as a surety and entitled to the protection of the statute, whether she be a party to any written contract or not. There is no difference in principle between a mortgage of her real estate and a mortgage or pledge on her personal property.
Whenever a married woman either pledges or mortgages her separate property to secure the debt of another, she occupies the position of a surety within the statute. Davee v. State, ex rel., 7 Ind. App. 71; Trentman v. Eldridge, 98 Ind. 525 (534); Johnson v. Jouchert, supra; Wolf v. Zimmerman, 127 Ind. 486; Brandt Suretyship, section 22.
In order to overthrow the general verdict' the answers to special interrogatories must be absolutely irreconcilable with the general verdict. Pottlitzer v. Wesson, 8 Ind. App. 472; Grand Rapids, etc., R. W. Co. v. Cox, 8 Ind. App. 29.
There is here no such inconsistency as would prevent both from standing together. It may be true that the only demand made was in writing, and that no written demand was offered in evidence, and yet it may also be true that the contents of the written demand were proved by parol. In determining the right of a party to "judgment upon the interrogatories, we do not consider what *460 evidence was introduced on the, trial, but simply what might have been properly offered under the issues. Shoner v. Pennsylvania Co., 130 Ind. 170.
Filed Jan. 8, 1895.
While there is some conflict in the evidence as to the nature of the arrangement concerning the organ, there is abundant evidence to justify the jury in finding, as they did, that the organ was simply pledged as security for the husband’s debts.
There is here no element of estoppel, because there is evidence that the appellant was fully conversant with all the facts relating to the rights of appellee. Under such circumstances there can be no estoppel. Wolf v. Zimmerman, supra; Voreis v. Nussbaum, 131 Ind. 267.
We find no good cause for reversal.
Judgment affirmed.