CHARLES V. LOOK *vs.* MARTIN HORN, and others.

Somerset. Opinion January 21, 1903.

*Mortgage. Rents and Profits. Payment by one Joint Mortgagor. Reimbursement. Equitable Lien.*

Where a mortgage is discharged on payment made by one of the joint mortgagors, or his successor in interest, it may be treated in equity as still subsisting for the protection of the party making payment; or the delinquent's share in the mortgaged premises may be regarded as subject to a lien for the amount paid on the mortgage for his benefit.

In no event can the grantee of the delinquent recover rents and profits until the parties making payment of the mortgage have been re-imbursed the amount paid for the delinquent, either from the rents and profits of the delinquent's interest in the premises or in some other manner; and the net profits received may be held towards re-imbursement.

On report.    Judgment for defendants.

Assumpsit for rents and profits of one-half of a farm in Fairfield formerly occupied by Benjamin Horn as a homestead, for the six years immediately preceding January 26, 1901.

The facts are fully stated in the opinion.

*F. L. Ames,* for plaintiff.

Counsel cited : R. S., c. 73, § 7 ; c. 95, § 20 ; *Buck* v. *Spofford,* 31 Maine, 34 ; *Cutler* v. *Currier,* 54 Maine, 81 ; *Soutter* v. *Atwood,* 34 Maine, 153, 56 Am. Dec. 647 ; *Soutter* v. *Porter,* 27 Maine, 405 ; *Taylor and Wilson* v. *Porter,* 7 Mass. 354, 355 ; *Wade* v. *Howard,* 6 Pick. 492 ; *Goodall* v. *Wentworth,* 20 Maine, 322 ; *Moulton* v. *Edgecomb,* 52 Maine, 31 ; *Tinkham* v. *Arnold,* 3 Maine, 120 ; *Thornton* v. *York Bank,* 45 Maine, 158 ; *Hudson* v. *Coe,* 79 Maine, 83, 1 Am. St. Rep. 288.

*S. J. and L. L. Walton,* for defendants.

Counsel cited: *Thomas* v. *Pickering,* 13 Maine, 337, 353 ; *Bigelow* v. *Jones,* 10 Pick. 161 ; *Richardson* v. *Richardson,* 72 Maine, 403 ; Jones on Mortgages, Vol. 2, §§ 1089, 1090 ; *Gibson* v. *Orehore,* 5 Pick. 145, 146 ; *Parkman* v. *Welch,* 19 Pick. 231, 238 ; *Watkins* v. *Eaton,* 30 Maine, 529, 535, 50 Am. Dec. 637 ; *Hurley* v. *Hurley,* 148 Mass. 444, 447, 2 L. R. A. 172 ; *Winslow* v. *Young,* 94 Maine, 145.

SITTING: WISWELL, C. J., STROUT, SAVAGE, POWERS, PEABODY, SPEAR, JJ.

STROUT, J.    On March 31, 1876, Benjamin Horn and Oliver R. Horn received conveyance of a farm in Fairfield from Samuel Kimball, and on the same day the Horns mortgaged the farm to Kimball to secure the payment of five hundred and thirty-four dollars and fifty cents of the purchase money.    Benjamin occupied the farm thereafter, except a piece conveyed to his son Calvin, till his conveyance to his son Martin, one of the defendants, on May 12, 1898, since which time Martin has been in possession.    Benjamin and his son paid the mortgage to Kimball, and had it discharged of record on January 23, 1895.    Oliver never paid anything and never occu-

pied the farm. Oliver R. Horn, by deed of January 27, 1881, undertook to convey one-half of the farm to the plaintiff, but the mortgage to Kimball being then in force, Oliver's deed conveyed only his one-half of the equity of redemption from that mortgage.

The plaintiff seeks in this action to recover one-half of the rents and profits of the farm from January 26, 1895, to January 26, 1901.

Benjamin Horn and his sons having paid that portion of the Kimball mortgage which should have been paid by Oliver, are entitled in equity to have Oliver's one-half of the farm subjected to its payment. This right is unaffected by the discharge of record of the mortgage. It may be treated in equity as still subsisting for the protection of Benjamin and Martin, or Oliver's one-half may be regarded as subject to a lien for the amount paid on the mortgage for Oliver's benefit. In no event can the plaintiff, as Oliver's grantee, recover rents and profits until Benjamin and Martin have been re-imbursed their payment for Oliver, either from the rents and profits of Oliver's one-half, or in some other manner.

It is very clear from the evidence that the net profits from the farm for the time covered by plaintiff's claim have been little, if anything, in excess of necessary repairs and taxes—certainly wholly insufficient to re-imburse the payment for Oliver on the mortgage. Whatever net profits defendants may have received from one-half of the farm, they are entitled to hold towards their re-imbursement. Until that is accomplished plaintiff can have no claim upon the rents and profits.

*Judgment for defendants.*