522 So.2d 878 (1988)
George H. HIEBER and Evy W. Hieber, His Wife, Appellants,
v.
FLORIDA NATIONAL BANK, a National Banking Association, Appellee.
No. 87-533.
District Court of Appeal of Florida, Third District.
February 16, 1988.
Rehearing Denied April 25, 1988.
*879 Litchford, Christopher & Milbrath and Donald E. Christopher, Orlando, for appellants.
Catlin, Saxon, Tuttle and Evans and H. James Catlin, Jr. and James C. Evans, Miami, for appellee.
Before HENDRY, FERGUSON and JORGENSON, JJ.
PER CURIAM.
The question presented here is whether a purchaser of mortgaged property who applies part of the purchase price to discharge a first mortgage while under a mistake of fact as to the existence of a junior lien, even though the junior lien is of record, should be subrogated to the position of the prior senior mortgagee as against the junior lien.
Apparently no Florida case has answered this question. Although a line of cases to the contrary exists,[1] we join those jurisdictions that do not permit subrogation under these circumstances.[2]
The Hiebers[3] purchased the property in May, 1984, applying part of the purchase price to discharge the AmeriFirst first mortgage on the property. The seller represented to the Hiebers that the AmeriFirst mortgage was the only existing lien on the property and gave the Hiebers a warranty deed. The Hiebers' title company failed to discover Florida National Bank's validly recorded junior mortgage. Only when the seller defaulted on the junior mortgage and the bank instituted foreclosure proceedings did the Hiebers learn of the junior mortgage. In defense of the foreclosure action the Hiebers sought to be subrogated to AmeriFirst's position as the superior mortgagee.
We decline to apply the equitable principle of subrogation to grant the Hiebers relief. In a well-reasoned opinion, Belcher v. Belcher, 161 Or. 341, 351, 87 P.2d 762, 765 (1939), the Supreme Court of Oregon denied subrogation where a purchaser who had paid an existing first mortgage as part of the purchase price failed to discover a junior lien, holding that "it is incumbent upon a purchaser to consult available records in regard to contemplated real property transactions." According to the Oregon court, a rule requiring a strict application of the doctrine of subrogation that denies subrogation to subsequent purchasers who fail to discover liens is necessary in order to avoid uncertainty regarding the priorities of encumbrances of record. We agree. Although the equitable principle of subrogation is a meritorious doctrine and should be applied where necessary to do justice between the parties, it will not be allowed where its application would lead to confusion by undermining the orderly scheme established by the recording statute.
Here, the junior encumbrance was of record for over a year and could have been ascertained in the exercise of reasonable diligence. The Hiebers' title insurer was *880 under a duty to discover the lien. Relief from folly of "those who in respect of contemplated property transactions do not consult available lien records seems more the task of the school than of the court." Burgoon v. Lavezzo, 92 F.2d 726, 733 (D.C. Cir.1937).
Summary judgment is affirmed.
NOTES
[1] McDermott v. Steck Co., 138 S.W.2d 1106 (Tex. Civ.App. 1940); Burgoon v. Lavezzo, 92 F.2d 726, 113 A.L.R. 944 (D.C. Cir.1937); Commonwealth Bldg. & Loan Ass'n v. Martin, 185 Ark. 858, 49 S.W.2d 1046 (1932).
[2] Cheswick v. Weaver, 280 S.W.2d 942 (Tex.Civ. App. 1955); Tucker v. Holder, 359 Mo. 1039, 225 S.W.2d 123 (1949); Belcher v. Belcher, 161 Or. 341, 87 P.2d 762 (1939); Smith v. Feltner, 259 Ky. 833, 83 S.W.2d 506 (1935); Bank of Canton v. Nelson, 173 Ga. 185, 160 S.E. 232 (1931). See G. Osborne, On Mortgages § 283, at 799 (1951).
[3] We are informed by appellee that counsel for the Hiebers is actually representing the title insurer.