No. 11,181.

## DODGE v. KINZY ET UX.

HUSBAND AND WIFE.—*Mortgage of Land Held by Entireties.*— *Wife's Contract of Suretyship.*—*Construction of Statute.*—Where land is held by husband and wife as tenants by entireties, and where, since September 19th, 1881, the date of the taking effect of section 5119, R. S. 1881, the husband and wife executed a mortgage on such land to secure the payment of an individual debt of the husband, such mortgage, as to the wife, is a contract of suretyship, which she can not, under said section, enter into, and it is void both as to her and her husband.

From the Elkhart Circuit Court.

*H. C. Dodge, O. Z. Hubbell, T. A. Hendricks, C. Baker, O. B. Hord, A. W. Hendricks, A. Baker* and *E. Daniels,* for appellant.
*J. M. Vanfleet,* for appellees.

HOWK, J.—This suit was brought by the appellant to foreclose a certain mortgage, alleged to have been executed by the appellees to one Abram Upp, on February 23d, 1882, on certain real estate, particularly described, in the city and county of Elkhart, and to collect the debt claimed to have been secured by such mortgage.   The appellees jointly, and each of them separately, demurred to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action.  Before the court made any ruling upon either of these demurrers, the appellees jointly filed their cross complaint against the appellant, wherein they asked that the mortgage, described in appellant's complaint, might be cancelled of record, and that their title to the mortgaged real estate might be quieted.   To this cross complaint the appellant's demurrer, for the want of sufficient facts therein to constitute a cause of action, was overruled by the court, and, at the same time, the court sustained the appellees' demurrers to the appellant's complaint.   Exceptions were saved by the appellant to each of the court's rulings adverse to him, and declining to amend his complaint or answer the cross complaint, the court rendered judgment against him, in appellees' favor, in accordance with the prayer of their cross complaint.

The facts of this case, as stated in the complaint and cross complaint, were substantially as follows: The real estate described in the mortgage, which the appellant sought to foreclose in this action, was conveyed on the 27th day of July, 1878, to the appellees, then and ever since husband and wife, by a deed regular in form, wherein they were designated as the grantees by the following description, namely: "To John S. Kinzy and Elizabeth A. Kinzy, husband and wife."   On the 23d day of February, 1882, the appellee John S. Kinzy borrowed of Abram Upp the sum of $1,000, and gave his note therefor, due in three years after its date, and, on the same day, both the appellees, John S. Kinzy and Elizabeth A., his wife, executed the mortgage in suit upon the real estate so owned and held by the mortgagors, under the afore-

said deed of July 27th, 1878. Afterwards John S. Kinzy became insolvent, and, on April 25th, 1882, executed a chattel mortgage to said Abram Upp, as an additional security for the said sum of $1,000, previously borrowed of said Upp by the said John S. Kinzy; and it was then agreed between him, Kinzy, and Upp, that the said sum of $1,000, evidenced by the note above described, should at once become due. Afterwards certain other creditors of John S. Kinzy commenced suits against him, and, on April 28th, 1882, sued out orders of attachment in such suits, which became and were liens on the goods and chattels theretofore mortgaged as aforesaid by the said Kinzy to Abram Upp, as such additional security for the money so borrowed of him by the said John S. Kinzy. On his own application Upp was made a party to such suits in attachment, and such proceedings were thereafter had therein as that it was ordered by the court that the said sum of money, so borrowed by the said John S. Kinzy, should be repaid to Abram Upp out of the proceeds of the mortgaged goods and chattels so attached as aforesaid, and that he, Abram Upp, should thereupon assign his real estate mortgage to the appellant, Henry C. Dodge, as trustee for such attaching creditors of John S. Kinzy, all of which was done accordingly. In their respective suits the attaching creditors severally recovered personal judgments against the said John S. Kinzy for the amount of his debts, due them respectively.

It might be said, perhaps, that the real estate mortgage was only an incident of the debt of John S. Kinzy secured thereby, and that, as it appeared that such debt was fully paid off and satisfied, the mortgage was *functus officio* and extinguished, and nothing passed by the assignment thereof to the appellant as trustee. But the appellees' counsel, in his brief of this cause, rests the defence to appellant's action upon a single point, and, therefore, any other defence which might suggest itself or be suggested will be regarded as expressly waived. Counsel says: "I make no question about the right of the appellant to maintain this suit, in the form and at the

time it was brought. The only question I do make is that the mortgage in suit was and is void."

This is the question we will briefly consider and decide.

It will be seen, from our statement of the facts of this case, that the land described in the mortgage in suit, more than three years prior to the date of such mortgage, was conveyed to the appellees, then and since husband and wife, by a deed regular in form, wherein they were thus designated as the grantees, to wit: "To John S. Kinzy and Elizabeth A. Kinzy, husband and wife." Where land is thus conveyed to husband and wife, the estate taken by the grantees is governed by the common law rule, which has never been changed by any statute in this State, but, on the contrary, is expressly recognized in sections 2922 and 2923, R. S. 1881, in force since May 6th, 1853. The rule is thus stated in *Davis* v. *Clark*, 26 Ind. 424: "At common law, if an estate is granted, as in this case, to a man and his wife, they are neither properly joint tenants, nor tenants in common, for husband and wife being considered one person in law, they can not take the estate by moieties, both are seized of the entirety *per tout* and not *per my*. Neither can dispose of any part of the estate without the assent of the other, but the whole must remain to the survivor." Accordingly, it was held in the case cited, that where land was thus conveyed to husband and wife, the husband did not take an estate in such land which he could convey or encumber by his own act or deed without the assent of the wife, or which could be subjected to sale on an execution against the husband. Such has been the uniform line of decision in this court upon the question under consideration. *Bevins* v. *Cline*, 21 Ind. 37; *Arnold* v. *Arnold*, 30 Ind. 305; *Chandler* v. *Cheney*, 37 Ind. 391; *Jones* v. *Chandler*, 40 Ind. 588; *Anderson* v. *Tannehill*, 42 Ind. 141; *McConnell* v. *Martin*, 52 Ind. 434; *Hulett* v. *Inlow*, 57 Ind. 412; S. C., 26 Am. R. 64; *Lash* v. *Lash*, 58 Ind. 526; *Patton* v. *Rankin*, 68 Ind. 245; S. C., 34 Am. R. 254; *Ed-*

*wards* v. *Beall,* 75 Ind. 401; *Carver* v. *Smith,* 90 Ind. 22; S. C., 46 Am. R. 210; *Morrison* v. *Seybold,* 92 Ind. 298.

Certainly, there has never been an express repeal, by direct legislation, of the common law rule governing the conveyances of real estate to husband and wife. Repeals by implication are not favored in law, and when the courts hold that any statutory provision is repealed by implication, it is done because the legislative intent to supersede such provision is clearly manifested in the subsequent legislation. So, also, a statute in derogation of the common law must be strictly construed. *Water Works Co.* v. *Burkhart,* 41 Ind. 364; *Cruse* v. *Axtell,* 50 Ind. 49, 58; *Haas* v. *Shaw,* 91 Ind. 384; S. C., 46 Am. R. 607.

Under the common law rule, it is clear that at the date of the mortgage in suit, John S. Kinzy alone could not have executed a valid mortgage on the real estate described therein. But, perhaps, the mortgage executed by him and his wife would have been valid and binding on each of them under the rules of the common law, if the wife was not, at the time, prohibited by statute from entering into such a mortgage contract. In section 5119, R. S. 1881, in force since September 19th, 1881, and at the date of the mortgage now in suit, it is provided as follows:

"A married woman shall not enter into any contract of suretyship, whether as indorser, guarantor, or in any other manner; and such contract, as to her, shall be void."

The provisions of this section of the statute are too plain to be misunderstood. They positively forbid a married woman to enter into any contract of suretyship, in any manner, and as positively declare that any such contract, as to her, shall be void. In the case at bar, we need not argue for the purpose of showing that, in executing the mortgage sued upon, the appellee Elizabeth A. Kinzy entered into a contract of suretyship for the purpose of securing the individual debt of her husband, John S. Kinzy. This being so, and it can not be otherwise, the mortgage was void as to Elizabeth

A. Kinzy under the statute. *Allen* v. *Davis*, 99 Ind. 216. Being void as to her, the wife, the mortgage was necessarily void as to John S. Kinzy, the husband; for, under the common law rule, he had no estate in the land described in the mortgage, which he could convey or encumber by his individual act or deed. In *Chandler* v. *Cheney*, *supra*, it was expressly held by this court, that a mortgage, executed by the husband alone upon an estate held by entireties by husband and wife, is absolutely void.

Our conclusion is, therefore, that the mortgage in suit was and is void as against each and both of the appellees, and that the court did not err in sustaining their demurrers to the appellant's complaint. This conclusion renders it unnecessary for us to consider the error assigned by appellant upon the overruling of his demurrer to appellees' cross complaint; for, in their brief of this cause, the appellant's counsel say: " The question to be decided is not complicated by the cross complaint." If the ruling by the court upon the demurrer to appellant's complaint is correct, the ruling on the cross complaint must perforce be correct.

We find no error in the record which authorizes or requires the reversal of the judgment.

The judgment is affirmed, with costs.

Filed Jan. 23, 1884.

## ON PETITION FOR A REHEARING.

HOWK, J.—An earnest petition for a rehearing has been filed in this cause on behalf of the appellant, and the questions thereby presented have been ably and exhaustively discussed by his learned counsel. A single question was considered and decided by this court in the original opinion herein. That question, it was held, depended for its proper decision upon the construction to be given by the court to the provisions of section 5119, R. S. 1881, in force since September 19th, 1881, wherein it is thus provided : "A married woman shall not enter into any contract of suretyship, whether as indorser,

guarantor, or in any other manner; and such contract, as to her, shall be void."

Of the provisions of this section of the statute we say in the original opinion, and we adhere to what is there said, that they are "too plain to be misunderstood. They positively forbid a married woman to enter into any contract of suretyship, in any manner, and as positively declare that any such contract, as to her, shall be void." Placing this construction upon the provisions quoted of section 5119, we hold in our original opinion, that where land is held by husband and wife, as tenants by entireties, and where, since September 19th, 1881, the husband and wife have executed a mortgage on such land to secure the payment of an individual debt of the husband, such mortgage is, as to the wife, a "contract of suretyship," which, the statute says, she "shall not enter into," and declares that "such contract, as to her, shall be void." This is the point decided in the original opinion in this cause, and, as yet, we have neither heard nor read any reason or argument which has led us to doubt even the correctness of our decision.

But the appellant's counsel say in their argument, that if we adhere to our decision in this case, "then the end is not reached." Counsel claim that the logic of our decision will require us, when the case shall arise, to hold this: "That any mortgage of the wife, even of the lands of her husband, in so far as it binds her interest, is a contract of suretyship within the meaning of the statute, and as to her void." Such a result, however, is not required by any rule of law or logic of which we are informed. We need hardly say that there is a wide difference between the contingent interest of the wife in the lands of her husband, and the estate which the wife is seized of in lands held by her and her husband as tenants by entireties. So wide and marked is this difference that the rules of law and the decisions of the courts, in relation to the estate of husband or wife in lands held by both of them, as tenants by entireties, have not now, and never had, in this

State, any application whatever to the contingent interest of the wife in the lands of her husband. It has always been the law in this State, that a wife could completely bar her contingent interest in the lands of her husband, by joining with him in the conveyance thereof " in due form of law." Section 2491, R. S. 1881; *Dunn* v. *Tousey*, 80 Ind. 288. Such contingent interest of the wife in the lands of her husband would never ripen into an estate therein, except in the event she survived her husband, and except, also, since August 24th, 1875, in cases of judicial sales of the husband's lands where her contingent or inchoate interest was not directed by the judgment to be sold or barred by the sale. Section 2508, R. S. 1881; *Taylor* v. *Stockwell*, 66 Ind. 505.

Where, however, lands are held by husband and wife as tenants by entireties, the wife as well as the husband is seized of the entire estate in such lands, "*per tout* and not *per my.*" Sections 2922 and 2923, R. S. 1881; *Davis* v. *Clark*, 26 Ind. 424. The wife can not join with her husband in the execution of a mortgage on such lands, to secure the payment of the husband's debt; because, in so doing, she necessarily mortgages her own estate in such lands, and thus enters into a " contract of suretyship" in some manner, and such contract, as to her, is void under the statute. *Allen* v. *Davis*, 99 Ind. 216; *Allen* v. *Davis*, post, p. 187.

The petition for a rehearing is overruled, with costs.

Filed June 27, 1885.