Allen *et al. v.* Davis.

No. 10,601.

## ALLEN ET AL. *v.* DAVIS.

MARRIED WOMAN.—*Mortgage of her Real Estate to Secure Husband's Debt.*— Under the statute, R. S. 1881, section 5119, a married woman can not execute a binding mortgage upon her real estate to secure her husband's debt.

WITNESS.—*Contradictory Statements.— Evidence of, for Impeachment Only.*— The contradictory statements of a witness, introduced on cross-examination to impeach him, can only be considered for that purpose, and can not be regarded as substantial proof of the facts in dispute between the parties.

SAME.—The contradictory statements of a husband, in the absence of his wife, on a former trial between other parties, about the property for which the note and mortgage in suit were given, while competent for the purpose of impeachment, are not evidence against the wife in this suit.

From the Grant Circuit Court.

*W. L. Lenfesty* and *J. H. Compton,* for appellants.

*J. F. McDowell, G. L. McDowell, T. A. Hendricks, A. W. Hendricks, C. Baker, O. B. Hord, A. Baker* and *E. Daniels,* for appellee.

FRANKLIN, C.—Appellee sued appellants on a promissory note, and to foreclose a mortgage given to secure its payment. Appellant Joseph G. Allen was defaulted. Mary E. Allen appeared and defended. She answered that at the date of the execution of the note and mortgage, to wit, on the 21st day of September, 1881, she was a married woman, and the owner of the real estate described in the mortgage; that the note was given for a debt of her husband and co-defendant, Joseph G. Allen, and that she executed the note and mortgage jointly with him as his surety. Issue was formed by a denial in reply.

There was a trial by the court, finding for the plaintiff, and over a motion for a new trial by Mary E., judgment was rendered for the plaintiff. She has appealed to this court, and notified her husband of the appeal, who has appeared and declined to join in the appeal.

The error complained of by appellant Mary E. is, that the court erred in overruling the motion for a new trial. The reasons stated for a new trial are, that the finding of the court is not sustained by sufficient evidence, and is contrary to law.

The finding of the court was for the plaintiff, that both the defendants had executed the note and mortgage, for the amount due thereon to the plaintiff. No personal judgment was rendered against Mary E., but a judgment and decree of foreclosure of the mortgage was rendered against both of them. The mortgage contained an express promise to pay the money secured.

Appellant insists that the note and mortgage are both void as to her, and can not be enforced against her. The transaction occurred after the Acts of 1881 went into force, the provisions of which, so far as applicable to this case, read as follows:

Section 5115. "All the legal disabilities of married women to make contracts are hereby abolished, except as herein otherwise provided."

Section 5116. "No lands of any married woman shall be liable for the debts of her husband; but such lands, and the profits therefrom, shall be her separate property, as fully as if she were unmarried: *Provided*, That such wife shall have no power to encumber or convey such lands, except by deed in which her husband shall join."

The last part of section 5117 reads as follows: "But she shall not enter into any executory contract to sell or convey or mortgage her real estate, nor shall she convey or mortgage the same, unless her husband join in such contract, conveyance, or mortgage: *Provided, however*, That she shall be bound by an estoppel *in pais*, like any other person."

Section 5119. "A married woman shall not enter into any contract of suretyship, whether as indorser, guarantor, or in any other manner; and such contract, as to her, shall be void."

The court doubtless came to the conclusion, from the evidence, that she signed the note as security for her husband.

The record shows that the court found that they both executed the note, and the mortgage to secure its payment, and found the amount due the plaintiff on the note, and then gave a personal judgment against the husband, but none against the wife, and rendered a decree of foreclosure of the mortgage against both of them. If she was not bound by the note because she was security on it, we do not see how she could be bound by the mortgage, for she was as much security in the mortgage as she was in the note, and the promise to pay the debt in the mortgage could be no more binding upon her than the promise contained in the note to pay the same debt of her husband; if a security in part, she must have been security in whole. But as the court found against her as to the mortgage, it becomes necessary to examine the evidence.

The reasons stated for a new trial are, that as to appellant the evidence was not sufficient to sustain the finding, and that the finding was contrary to law.

Appellant testified in her deposition, that at the date of the execution of the note and mortgage sued on, she was a married woman and the wife of her co-defendant; that the note was given for the debt of her husband, and the mortgage given to secure its payment; that she owned the mortgaged lands, and signed the note and mortgage as security for her husband, and not otherwise; that she had no interest in the matter other than any other wife would have in her husband's transaction. The husband's evidence corroborated the wife's deposition. In cross-examination of the husband, appellee attempted to impeach his testimony by asking him if he had not stated upon a former trial, between other parties, about the mill for which the note was given, that he had bought the mill as agent of his wife and for her use, which he denied. Other impeaching witnesses were offered, who testified that upon said former trial he had so stated.

While this impeaching testimony was competent to contradict and impeach the husband's testimony in this case, it

was no evidence against the appellant of the fact that the husband had bought the mill as the agent of his wife and for her use. If he had so formerly testified, it was in her absence, and she could not be bound or affected by it. The contradiction was only admitted in evidence for the purpose of impeachment. This was all the evidence given in the case.

The facts in appellant's answer were fully proved, and there was no evidence in conflict therewith. The finding of the court against appellant, as to the mortgage, was not sustained by the evidence, nor was there any evidence tending to sustain it. The court erred in overruling the motion of appellant for a new trial.

The judgment ought to be reversed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is in all things reversed, at appellee's costs, and that the cause be remanded with instructions to the court below to sustain appellant's motion for a new trial, and for further proceedings in accordance with this opinion.

Filed Jan. 11, 1885; petition for a rehearing overruled June 27, 1885.