Filed May 25, 1885.

———◆———

No. 11,678.

## WAREY *v.* FORST.

MARRIED WOMAN.—*Surety for Husband.*—*Compromise of Threatened Litigation.*—*Promissory Note.*—*Mortgage.*—Under section 5119, R. S. 1881, a note and mortgage executed by a married woman, upon her separate land to secure her husband's debt, are void; and the mere facts, without more, that the mortgagee believed he could subject said land to the payment of such debt, as having been conveyed to the wife to defraud the husband's creditors, and was threatening to bring suit for such purpose, and that, for the purpose of avoiding such threatened litigation, the note and mortgage were executed, is not sufficient to bind her as principal.

SAME.—*Suit to Cancel Note and Mortgage.*—*Pleading.*—*Fraud.*—In a suit by a married woman to cancel a note and mortgage executed by her to secure her husband's debt, a paragraph of answer by the mortgagee confessing the plaintiff's title to the land mortgaged, setting up nothing in avoidance, and seeking argumentatively to deny the complaint, by

stating that the plaintiff has no title in the land because of fraud, is bad on demurrer.

SAME.—*Estoppel.*—*Evidence.*—One who takes a mortgage from a married woman to secure her husband's debt, with knowledge that her title is fraudulent as against creditors of the husband, is estopped, in a suit by her to cancel the mortgage, from proving the fraud for any purpose.

From the Noble Circuit Court.

*J. D. Ferrall, A. A. Chapin* and *R. P. Barr,* for appellant.
*J. H. Baker* and *J. A. S. Mitchell,* for appellee.

BICKNELL, C. C.—The appellee brought this suit against the appellant to cancel her note and mortgage held by him.

The complaint alleged that the plaintiff's husband owed the defendant $2,122, and that she, without any consideration, at the request of the defendant, and as surety of her husband, joined her husband in executing said note, and to secure the payment thereof joined her husband in executing said mortgage upon her own separate land.

The cause was tried by the court upon the complaint and the general denial. The court, at the request of the plaintiff, found the facts specially, in substance as follows:

1. That on April 29th, 1882, the plaintiff was, and still is, the wife of Jacob Forst, and on that day had, and still has, the possession and legal title of said mortgaged land.

2. That on said day the plaintiff's husband owed the defendant $2,172.20, his own separate debt.

3. That on said day defendant verily believed that he had a valid claim against the plaintiff to subject said land to the payment of said debt, on the ground that, as he believed, said Jacob Forst, while so indebted to him, had bought and paid for said land, and had procured the conveyance thereof to the plaintiff without consideration therefor, and with intent to defraud his creditors, and especially said defendant, and that defendant, so believing, had employed an attorney to commence an action in the Elkhart Circuit Court to subject said land to said claim.

4. That on said day the plaintiff, being informed of de-

fendant's purpose to commence such suit, executed said note and mortgage for the purpose of avoiding such threatened litigation, and for the purpose of cancelling and paying her husband's said indebtedness, there being no other consideration therefor, and that said mortgage was duly recorded in Elkhart county on May 1st, 1882.

Upon the foregoing facts the court stated the following conclusions of law:

1. That the contract of said plaintiff in the execution of said note and mortgage was a contract of suretyship, and that she executed both said note and mortgage as surety for said Jacob.

2. That said contracts of suretyship were and are void as to her, and that she is entitled to a decree declaring the cancellation of said note and said mortgage as to her.

The defendant excepted to said conclusions of law, and excepted specially to the conclusion that said mortgage was void as to said plaintiff.

The defendant then moved for judgment in his favor on the special findings. This motion was overruled.

The defendant also moved for judgment in his favor as to the said mortgage, and that the same be declared valid and binding on the plaintiff, and this motion was overruled. The court then rendered judgment for the plaintiff in accordance with its conclusions of law. The defendant moved to modify the judgment, so as to declare said mortgage valid, and this motion was overruled. The defendant appealed from the judgment. He assigns several errors; we will consider those only which are discussed in his brief. The principal questions discussed arise upon the following specifications of error:

9. The court erred in its conclusions of law.

10. The court erred in overruling the appellant's motion for judgment on the special findings.

11. The court erred in overruling the appellant's motion for a judgment affirming the validity of the mortgage.

14. The court erred in refusing to modify the judgment so as to affirm the validity of the mortgage.

Upon an exception to conclusions of law the facts specially found are deemed to have been correctly found. *Dodge* v. *Pope*, 93 Ind. 480.

In the present case the special findings show that the plaintiff's husband was the debtor of the defendant, and that the plaintiff, for the purpose of avoiding a threatened litigation, and for the purpose of paying and cancelling her husband's indebtedness, executed the note and mortgage in controversy; she thereby undertook to become her husband's surety. The finding shows that she did this on the 29th of April, 1882. At that time the statutes of 1881 were in force, and section 4 of the act of April 16th, 1881, entitled "An act concerning husband and wife," Acts 1881, p. 528; R. S. 1881, section 5119, is as follows: "A married woman shall not enter into any contract of suretyship, whether as endorser, guarantor, or in any other manner; and such contract, as to her, shall be void." This section forbids a married woman to become a surety for anybody; she may pay her husband's debts, but not by becoming surety therefor.

It was held by this court in *Allen* v. *Davis*, 101 Ind. 187, that where a married woman signs a note of her husband as surety, and they join in a mortgage of the wife's land to secure the payment of the note, she is not liable on either note or mortgage, the promise in the mortgage being no more binding on her than the promise in the note. To the same effect is the more recent case of *Dodge* v. *Kinzy*, 101 Ind. 102.

But the appellant claims that the conclusions of law are wrong, because the finding shows that the note and mortgage were executed not merely for the purpose of cancelling and paying the husband's debts, but also for the purpose of avoiding a threatened litigation. The finding is that the defendant believed that Jacob Forst, while indebted to him, had bought and paid for the mortgaged land, and had procured its conveyance to his wife, the plaintiff, without consideration,

and with intent to defraud his creditors and the ·defendant; and that the defendant also believed that he had a valid claim against the plaintiff to reach said land, and subject it to the payment of said Jacob's indebtedness, and had employed an attorney to bring a suit for that purpose, and had notified the plaintiff thereof; and that the plaintiff, for the purpose of avoiding said threatened litigation, and for the purpose of discharging her husband's debts, executed the note and mortgage.

The appellant claims that the finding shows " a legal compromise of a doubtful claim or right," and that, therefore, there was a sufficient consideration moving from appellant to appellee, so that she was, in fact, not surety, but principal in the execution of the note and mortgage.

It was held in *Fitzpatrick* v. *Papa*, 89 Ind. 17, that "A married·woman who executes a mortgage to secure the release ·of a valid lien can not escape the consequences of her act upon the ground that the mortgage·was executed to secure the debt of the husband. The benefit moves to her, for it relieves her property from a burden."

In the present case, however, there was no valid lien made to appear. The finding does not show the compromise of any actually existing liability; it states only the belief of the defendant that he had a claim, without any fact upon which such belief is founded; it is not found that there was any valid claim against the plaintiff; it is not found that Jacob Forst was insolvent when the conveyance was made to his wife, the plaintiff, nor that the property was bought and paid for by him; it is not even found that the conveyance of the land to Mrs. Forst was caused to be made by her husband, nor that she paid nothing for it; the finding merely states the defendant's belief that such was the fact, without anything to warrant such belief. There is no fact found upon which even a doubtful claim could arise in favor of the defendant against the plaintiff. A threatened litigation, founded merely on the

defendant's belief, without any fact to support the belief, amounts to nothing, and the purpose to avoid such a litigation was no consideration for the plaintiff's promises.

In *Jarvis* v. *Sutton*, 3 Ind. 289, this court said: "It is true a compromise of doubtful claims may be sufficient to found a consideration upon, but in such cases there must be a surrender of some legal benefit which the other party might have retained. * * * A promise to give something for the compromise of a claim, about which there is merely a dispute and controversy, and for which there is no legal foundation whatever, is not sufficient to sustain a suit at law."

In the case of *Wade* v. *Simeon*, 2 C. B. 548, the declaration alleged that the plaintiff had commenced an action against the defendant to recover certain moneys, and that in consideration that the plaintiff would forbear to proceed in that action until a certain day, the defendant promised that he would on that day pay the amount, but he made default, etc. Plea, that the plaintiff never had any cause of action against the defendant in said action so commenced, which he, the plaintiff, at the commencement of said action and thence until and at the time of the making of the promise, well knew. It was held, on demurrer, that this plea was sufficient. So, in *Edwards* v. *Baugh*, 11 Mees. & Welsby, 641, the declaration alleged the existence of disputes and controversies between the parties as to whether or not the defendant was indebted to the plaintiff in £173 for money lent, and that the defendant, in consideration of the plaintiff's promise not to sue him at any time therefor, and to accept £100 in full satisfaction, promised the plaintiff to pay him the sum of £100 within a reasonable time. The court held that the declaration was bad, as not showing a sufficient consideration for the promise, there being no allegation of any debt actually due, but merely that a dispute and controversy existed respecting a claim which defendant believed to exist, but the actual existence of which was not averred. It is very clear that if the finding in the present case had been

merely that the wife executed the note and mortgage to pay her husband's debt, she would not have been liable thereupon. *Allen* v. *Davis, supra,* and *Dodge* v. *Kinzy, supra.* And it may be conceded that if the finding had shown that the defendant had any lien on the wife's land, or if any facts had been stated in the finding showing that the defendant had any valid claim which might be enforced against the wife's interest in the land, in such a case, the wife might be considered the principal, and the compromise of such a valid claim against her own land would be a sufficient consideration to bind her as principal, although it was also a part of the consideration to secure her husband's debt. But the finding under consideration states nothing at all as to the existence of such lien or claim against the wife's land. The statement is simply that the "defendant believed he had a valid claim against the plaintiff, and was threatening to bring suit upon it, and that, for the purpose of avoiding such threatened litigation, the note and mortgage were executed." If A. were suing B. on any verbal promise, it would not be sufficient to allege in the complaint that A. believed he had a valid claim against B. and was threatening to sue him, and that thereupon, "for the purpose of avoiding such threatened litigation," B. promised; such a complaint would be bad because, instead of stating a consideration, it would merely state a motive. The complaint, to be good in such a case, must state an actual indebtedness of B. to A., or facts showing a valid claim, and then a compromise thereof as the consideration of the promise sued on. So, here, so far as the finding shows that the note and mortgage were executed for the purpose of avoiding a threatened litigation of a supposed claim, not found to have any real existence, it does not state any consideration; it simply states a motive.

In *Standley* v. *Northwestern M. L. Ins. Co.,* 95 Ind. 254, El-LIOTT, J., said: "There is an essential difference between the motive which induces a party to enter into a contract and the consideration yielded for its support. 'Motive,' said an Eng-

lish judge, 'is not the same thing with consideration.' *Thomas* v. *Thomas*, 2 Q. B. 851. In *Philpot* v. *Gruninger*, 14 Wall. 570, it was said : ' It is, however, not to be doubted that there is a clear distinction sometimes between the motive that may induce to entering into a contract and the consideration of the contract. Nothing is consideration that is not regarded as such by both parties.' To a like import is the decision in our own case of *Clark* v. *Continental, etc., Co.*, 57 Ind. 135, where it was said : ' The motive prompting one to execute a contract, and the consideration of the contract, are entirely different things.' The motive which influenced the appellant to take out the policy was the desire to secure the loan, but this was not the consideration on which the contract of insurance rested ; on the other hand the desire to secure premiums on the policy influenced the appellee to make the loan, but this was not the consideration given for the note and mortgage ; that consideration was the loan of money."

The finding does not use the word " consideration ;" it states that the note and mortgage were executed " for the purpose of," but if the word " purpose " means here the same as " consideration," then the finding states two considerations, one of them illegal and the other insufficient.

We think there was no error in the conclusions of law, nor in overruling the plaintiff's motions for judgment upon the findings, and for the modification of the judgment. The plaintiff really executed the note and mortgage to secure her husband's debt, and both note and mortgage were void as to her, under section 5119, R. S. 1881.

As to the motion for a new trial, it is sufficient to say that there was evidence tending to sustain the findings ; therefore, under the well known rule of this court, they can not be disturbed. The findings were not contrary to law.

The appellant says there was error in sustaining the demurrer to the first paragraph of his answer. That paragraph averred that Jacob Forst, the appellee's husband, was indebted to the defendant, and while so indebted bought and

paid for the mortgaged land, and had it conveyed to the plaintiff, who paid nothing for it; that said Jacob thereby intended to defraud his creditors and the defendant, and that such fraudulent intention was at the time well known to the plaintiff; that since the title was thus vested in his wife said Jacob has not had any property subject to execution.

There was no error in sustaining the demurrer to this paragraph of the answer.

The paragraph confesses that the plaintiff was, as alleged in the complaint, the owner of the land, and mortgaged it as surety to secure her husband's debt. It contains nothing in avoidance; it seeks argumentatively to deny the complaint, by stating that the plaintiff has no title to the land because of fraud. If this could be shown at all, it would be admissible under the general denial, but it could not be given in evidence by the defendant against the plaintiff under any form of pleading.

The appellant says in his brief that the same question arises on the ruling on the demurrer to the first paragraph of the answer, and on the exclusion of evidence of the matters therein set forth. The excluded evidence, however, sought to impeach the plaintiff's title for fraud, the defendant having recognized her title by taking a mortgage with notice. *Conklin* v. *Smith*, 7 Ind. 107; *Rennick* v. *Bank of Chilicothe*, 8 Ohio, 529; *Fitch* v. *Baldwin*, 17 Johns. 161.

The appellant says: " I admit that we are estopped from attacking her title on account of fraud, for the purpose of disturbing it, because, with knowledge of the fraud, we have treated with her concerning the subject-matter of it;" but he claims a right to show the fraud for the purpose of proving that she was a principal, and not a surety, in the execution of the note and mortgage. But we think that the defendant is estopped from proving the fraud, in this action, as against the plaintiff, for any purpose.

There was no error in excluding the testimony now under consideration.

We have now examined all the matters of alleged error discussed in the appellant's brief. We find no error in the record. The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and the same is hereby in all things affirmed, at the costs of the appellant.

MITCHELL, C. J., took no part in the determination of this case.

Filed April 2, 1885; petition for a rehearing overruled June 12, 1885.