No. 12,237.

BROWN v. WILL.

| 103 | 71 |
| 128 | 22 |
| 103 | 71 |
| 138 | 131 |
| 139 | 414 |
| 103 | 71 |
| 143 | 484 |
| 103 | 71 |
| 144 | 24 |
| 146 | 173 |
| 103 | 71 |
| 150 | 396 |
| 103 | 71 |
| 159 | 165 |

MARRIED WOMAN.—*Mortgage upon her Separate Real Estate to Secure Husband's Debt.—Contract of Suretyship.*—Under section 5119, R. S. 1881, a mortgage executed by a married woman upon her separate real estate to secure her husband's debt, is void.

SPECIAL FINDING.—*Secundum Allegata et Probata.—Practice.—Pleading.*—A plaintiff can recover only upon the case stated in his complaint; and where the court specially finds in his favor facts showing a cause of action substantially different from that stated in the complaint, he can not recover in that suit.

From the Starke Circuit Court.

*H. R. Robbins,* for appellant.

*G. W. Beeman,* for appellee.

HOWK, J.—This was a suit by the appellee Will to foreclose a mortgage alleged to have been executed to him by the appellant Sarah E. Brown and her husband, Williston C. Brown, on certain real estate in Starke county, to secure the payment of their joint promissory note. The mortgage and note were executed on the 31st day of March, 1883, and it was alleged in the complaint that the note was due and unpaid. The cause was put at issue and tried by the court, and, at the defendants' request, the court made a special finding of the facts, and stated its conclusions of law thereon. Over the appellant's exceptions to the conclusions of law, and her motion for a new trial, the court rendered judgment against the defendant Williston C. Brown for the amount due on the note, and against him and the appellant for the foreclosure of the mortgage and the sale of the mortgaged property.

Sarah E. Brown has alone appealed to this court, and has here assigned as error, among others, that the court erred in its conclusions of law.

The court found the facts to be, substantially, as follows:

" 1. The defendants executed the note and mortgage in suit on the day and date thereof, and the mortgage was duly re-

corded in the mortgage record of Starke county, Indiana, at the time indicated by the minutes of the recorder endorsed thereon.

"2. The consideration of the note was $80 cash borrowed of the payee, the plaintiff, by Williston Brown, one of the defendants, and the payment by the plaintiff of a note of the defendant Williston Brown for about the sum of $40, and $79 of the cash secured of [by?] Williston Brown was immediately applied by him to the payment of a note for a similar amount, due to one Koffle, and secured by a mortgage on the premises described in the mortgage in suit.

"3. The premises mentioned and described in the mortgage in suit are, and were at the time of the execution of the note and mortgage, the separate property of Sarah E. Brown, one of the defendants herein.

"4. The defendant Sarah E. Brown is and was, at the date of the execution of the note and mortgage in suit, the wife of her co-defendant, Williston C. Brown.

"5. The defendant Sarah E. Brown borrowed no money of the plaintiff for which the note was given, and she did not know at the time her husband borrowed the money for what purpose the money was borrowed. She signed the note and mortgage as security for her husband, as she understood it at the time. She purchased the property mentioned in the mortgage with her own means. At the time she purchased the property, and at the time she executed the note and mortgage in suit, the property was encumbered by a mortgage for $79, which was due to one Koffle. Williston C. Brown, out of the funds borrowed of the plaintiff, and for which the mortgage in suit was given, paid off and discharged the Koffle mortgage. The note in suit is due and unpaid, and there is due thereon, of principal and interest, the sum of $138."

Upon the foregoing facts the court stated the following conclusions of law:

"1. The defendant Williston C. Brown is alone personally liable on the note in suit.

" 2. The mortgage is a valid and subsisting lien on the property therein described for the security of the entire amount of the note in suit."

The question for our decision is this: Did the trial court err, as against the appellant, in its second conclusion of law? It can not be doubted, as it seems to us, that this question must be answered in the affirmative. The mortgaged real estate was found to be the separate property of the appellant Sarah E. Brown, and the mortgage thereon was executed by her and her husband, Williston C. Brown, on the 31st day of March, 1883, to secure the 'payment of the husband's debt. When the mortgage was executed, section 5119, R. S. 1881, was and had been in force since September 19th, 1881, as a part of the law of this State. In this section of the statute it is provided as follows: "A married woman shall not enter into any contract of suretyship, whether as endorser, guarantor, or in any other manner; and such contract, as to her, shall be void." In *Dodge* v. *Kinzy*, 101 Ind. 102, the court said: "The provisions of this section of the statute are too plain to be misunderstood. They positively forbid a married woman to enter into any contract of suretyship, in any manner, and as positively declare that any such contract, as to her, shall be void." Accordingly, it was there held that a mortgage executed by husband and wife, on land held by them as tenants by entireties, to secure the individual debt of the husband, was, as to the wife, a contract of suretyship within the meaning of the statute, and that such mortgage was void as to the wife. So, in *Allen* v. *Davis*, 99 Ind. 216, it was held by this court that since section 5119, *supra*, went into force, a married woman can not execute a binding mortgage upon her real estate to secure her husband's debt. See, also, *Allen* v. *Davis*, 101 Ind. 187, to the same effect.

Upon the facts found by the court, we are of the opinion, therefore, that as to the appellant, Sarah E. Brown, the mortgage in suit was and is, under the statute, a contract of sure-

tyship, and as to her was and is void and of no binding force.

It is claimed, however, by appellee's counsel, that inasmuch as the court found that $79 of the note in suit was immediately applied by Williston C. Brown "to the payment of a note for a similar amount, due to one Koffle, and secured by a mortgage on the premises described in the mortgage in suit," therefore, the latter mortgage is valid and binding on her and her real estate to the extent of the $79 so applied, because she is to that extent a principal in the note in suit. This position is not sustained, we think, by the facts found by the court within the issues in the cause. There is no reference whatever to the Koffle mortgage in any of the pleadings in the cause, and the facts found by the court, in relation to the application of any of the money borrowed by Williston C. Brown of the appellee to the payment and discharge of the Koffle mortgage, were wholly foreign to and outside of the issues in this action. The rule is familiar, and has been recognized and approved in many of the decisions of this court, which requires that the plaintiff must recover *secundum allegata et probata*, or not at all. He must recover upon the case stated in his complaint, and where the court finds in his favor a cause of action substantially different from that stated in his complaint, he can not recover in that suit. *Terry* v. *Shively*, 64 Ind. 106; *Phœnix Mut. Life Ins. Co.* v. *Hinesley*, 75 Ind. 1; *Thomas* v. *Dale*, 86 Ind. 435; *Carter* v. *Carter*, 101 Ind. 450.

We are of opinion that upon the issues in the cause, and the facts found within those issues, the trial court erred in its second conclusion of law as against the appellant, Sarah E. Brown.

The judgment against the appellant, Sarah E. Brown, is reversed with costs, and the cause is remanded with instructions to the court to state, as its second conclusion of law, that the mortgage in suit, as to Sarah E. Brown, is void and of no binding force, and to render its judgment accordingly.

Filed Sept. 19, 1885.