Engler *v.* Acker *et al.*

Filed April 15, 1886.

---

No. 12,540.

### ENGLER *v.* ACKER ET AL.

MARRIED WOMAN.—*Mortgage of Real Estate to Secure Husband's Debts.*— Under section 5119, R. S. 1881, a mortgage, executed by a married woman on her separate real estate to secure her husband's debt, is absolutely void.

From the Porter Circuit Court.

*W. E. Pinney,* for appellant.

*A. D. Bartholomew* and *E. D. Crumpacker,* for appellees.

HOWK, J.—This was a suit by the appellees against the appellant, Louisa Engler, and her husband, Jacob Engler, to foreclose a mortgage on real estate and collect the debt intended and attempted to be secured thereby. Appellant, Louisa Engler, alone appeared to the action, and, as to her alone, the cause was put at issue. Jacob Engler was duly defaulted. The cause was tried by the court, and, at appellant's request, the court made a special finding of the facts and thereon stated its conclusions of law in favor of the appellees. Over appellant's exceptions to the court's conclusions of law, and over her motion for judgment in her favor on the special findings of facts, judgment was rendered against Jacob Engler for the amount due on the mortgage debt, and a decree was made for the foreclosure of the mortgage and sale of the property, etc.

Louisa Engler has alone appealed to this court and has here assigned errors as follows:

Engler *v.* Acker *et al.*

1. Error of the trial court in its conclusions of law; and,

2. The court erred in overruling her motion for judgment in her favor, upon the facts specially found by the court.

The facts so found were substantially as follows:

1. The note sued on, dated May 1st, 1883, was executed by Jacob Engler as principal, and by appellees as his sureties, and appellees had paid such note and procured its assignment to them; and at the time of the execution of such note, Jacob Engler was owing appellees the sum of $200, which sum was borrowed on such note and paid to appellees by the Farmers' National Bank.

2. The note in suit, dated January 10th, 1883, was executed by Jacob Engler to appellees, in payment for lumber sold him by them.

3. Jacob Engler owed appellees $200 for lumber sold him by them, at the time of the execution of the note, dated May 1st, 1883, sued on in this action.

4. The lumber bought by Jacob Engler was used in the construction of a house on a lot owned by him, in the city of Valparaiso.

5. Appellees never had any lien on such lot to secure payment for the lumber sold by them to Jacob Engler.

6. Prior to the purchase of such lumber by Jacob Engler, and ever since, appellant, Louisa Engler, was and had been his wife.

7. The house and lot in Valparaiso, owned by Jacob Engler, was worth $2,000, and was encumbered by a mortgage on which there was then due $750.

8. On June 13th, 1883, Jacob Engler and appellant, as husband and wife, deeded the house and lot in Valparaiso to Rachel H. Harris, and on the same day the latter and her husband deeded to appellant Louisa the land described in appellees' complaint, of the value of $2,500.

9. Such land was deeded to appellant, subject to a mortgage thereon of $1,080, which she assumed and agreed to pay, and on which there was then due $1,250.

10. Louisa Engler refused to join in the execution of the

deed to Rachel H. Harris, unless the land described in appellees' complaint should be deeded to her and become her separate estate, and in consideration of the conveyance of such land to her, as her separate estate, she joined her husband in the conveyance of the house and lot to Rachel H. Harris, and, acting with reference to her separate estate in the land, assumed the mortgage thereon.

11. There was due on the aforesaid notes from Jacob Engler to appellees the sum of $679.60, of principal and interest, and $30 for their attorneys' fees. The mortgage sued on (which is copied at length in this finding, and which we omit) was given to secure the payment of such notes. (The mortgage sued on was executed and acknowledged by appellant and her husband, on the 28th day of September, 1883, which was three months and fifteen days after appellant acquired her title to the land, described in such mortgage, on June 13th, 1883, as found by the court in its finding No. 8, *supra*. Such mortgage was given to secure appellees in the payment of the note, described in finding No. 2, *supra*, as dated January 10th, 1883, or eight months and eighteen days prior to the execution of such mortgage, and also to save appellees harmless as the sureties of Jacob Engler on the note described in finding No. 1, *supra*, and dated May 1st, 1883, or nearly five months prior the execution of such mortgage. The only thing peculiar or out of the ordinary course, in the language of such mortgage, is the following recital therein, immediately after the description of the notes intended and attempted to be secured thereby, namely: " Said notes having been given for lumber used by said Jacob Engler in building the house he afterwards traded for said above described land)."

12. Ever since the conveyance of such house and lot to Rachel H. Harris, Jacob Engler had been insolvent, and without property subject to execution.

13. The mortgage on the house and lot in Valparaiso was

given to secure the payment of the note of Jacob Engler, and the conveyance to Rachel H. Harris was made subject to such note and mortgage, which she, acting with reference to her separate estate, assumed and agreed to pay and discharge.

14. The only consideration for the conveyance of the house and lot in Valparaiso, to Rachel H. Harris, was the execution of the deed for the land described in appellees' complaint to appellant, Louisa Engler, and the assumption by Rachel H. Harris of Jacob Engler's note, secured by the mortgage on the lot in Valparaiso, and her agreement to discharge such mortgage.

15. The only consideration for the execution of the deed for the land described in appellees' complaint to appellant, Louisa Engler, was the execution of the deed for such lot in Valparaiso to Rachel H. Harris, and the assumption by appellant, Louisa Engler, of the mortgage then existing on such land, described as aforesaid.

Upon the foregoing facts the trial court stated the following conclusions of law:

"1st. That fraud is not imputed to the defendant Louisa Engler.

"2d. That there is a sufficient consideration to support the mortgage, executed by Louisa Engler, and against her the plaintiffs are entitled to a decree of foreclosure.

"3d. That there is due and owing the plaintiffs $709.60, and they are entitled to a decree of foreclosure against both defendants, and a personal judgment over against Jacob Engler; and a decree and judgment are ordered herein accordingly."

We are of opinion that these conclusions of law, in so far as they are adverse to the appellant, Louisa Engler, or sustain the validity of the mortgage sued on, or order a foreclosure of such mortgage, are clearly erroneous, and can not be upheld. Upon the facts found by the trial court, the questions for decision as to the appellant were, whether or not she had the power, under our statutes, to execute the mortgage

in suit upon her separate estate to secure the payment of her husband's notes. The questions were not, as the court seemed to think they were, whether such mortgage was, or was not, supported by a sufficient consideration. In section 5119, R. S. 1881, in force since September 19th, 1881, it is thus provided: "A married woman shall not enter into any contract of suretyship, whether as endorser, guarantor, or in any other manner; and such contract, as to her, shall be void."

Under this section of the statute we have held time and again that a mortgage, executed by a married woman on her separate real estate to secure her husband's debt, is absolutely void. Thus, in *Dodge* v. *Kinzy*, 101 Ind. 102, after quoting section 5119, *supra*, the court said: "The provisions of this section of the statute are too plain to be misunderstood. They positively forbid a married woman to enter into any contract of suretyship, in any manner, and as positively declare that any such contract, as to her, shall be void." To the same effect, substantially, are each of the following cases: *Allen* v. *Davis*, 99 Ind. 216; *Allen* v. *Davis*, 101 Ind. 187; *Brown* v. *Will*, 103 Ind. 71. The trial court has stated as its first conclusion of law, and we think that the facts found by the court fully support this conclusion, that appellant, Louisa Engler, is free from fraud, actual or constructive, in any of the transactions involved in this controversy. There were no facts found by the trial court, whereby it can be said that appellant was legally or equitably estopped to resist the enforcement of the mortgage in suit against her or her separate real estate. The mortgage was absolutely void, under section 5119, *supra*, and a court of equity will not decree the foreclosure of a void mortgage.

The judgment is reversed, with costs, and the cause is remanded, with instructions to the court to set aside its conclusions of law, and, in lieu thereof, to state other conclusions of law in favor of Louisa Engler, in accordance with this opinion, and to render judgment accordingly.

Filed April 16, 1886.