Ellis *et al. v.* Baker.

Filed Dec. 21, 1888.

---

No. 14,367.

## ELLIS ET AL. *v.* BAKER.

MARRIED WOMAN.—*Mortgage.—Suretyship.—Heirs may Plead Coverture of Mother.—Estoppel of Husband.*—Under section 5119, R. S. 1881, a mortgage executed by a married woman upon her separate real estate, to secure her husband's debt, is void as to her; and if she dies intestate, leaving children, they, being her privies, both in blood and estate, may defeat the mortgage by pleading the coverture of their mother, the same as she might if living; but the husband, who joined in the execution

of the mortgage, and received the benefit thereof, is estopped from making such defence as to his interest in the real estate.

MITCHELL, J., does not concur in all the conclusions stated.

From the Martin Circuit Court.

*T. J. Brooks, S. M. Reeve, L. Stephens* and *J. T. Rogers,* for appellants.

*T. M. Clarke* and *C. S. Dobbins,* for appellee.

HOWK, C. J.—This was a suit by appellee, Baker, as plaintiff, against the appellants, John K., Charles J. and Jesse E. Ellis, as defendants. The objects of the suit were the foreclosure of a mortgage, alleged to have been executed to appellee, Baker, on certain real estate in Martin county, on the 9th day of August, 1884, by one Clara A. Ellis, then in full life but since deceased, and appellant John K. Ellis, then the husband of said Clara A. Ellis, and the collection of the debt secured by such mortgage, and evidenced by the promissory note of said John K. and Clara A. Ellis, for the sum of $650, dated August 9th, 1884, and payable to appellee twelve months after the date thereof. It was alleged by appellee in his complaint (among other things), that the promissory note secured by such mortgage was given for money loaned to said Clara A. Ellis, for her own separate use and benefit, and for the improvement of her separate real estate; that at the time of the execution of such mortgage, said Clara A. Ellis was the owner in fee simple of the mortgaged real estate; that after the execution of such mortgage, to wit, on the — day of ——, 1886, said Clara A. Ellis died intestate, leaving appellant John K. Ellis, her husband, and appellants Charles J. and Jesse E. Ellis, her children, as her only heirs at law; and that said Clara A. Ellis left no personal estate to be administered, and no administration of her estate has been granted to any one. Wherefore, etc.

Appellant John K. Ellis separately answered; and the other appellants, who were infants, by their legal guardian, who was also their guardian *ad litem,* answered specially.

Appellee's demurrers to each of these answers were sustained by the court. Appellants excepted to these rulings, and, failing to amend or plead further, a personal judgment was rendered against said John K. Ellis for the amount due on the note in suit, and a decree was rendered against all the appellants for the foreclosure of the mortgage sued upon, the sale of the mortgaged real estate to satisfy the mortgage debt, etc.

Errors are assigned here by appellants, which call in question the sustaining of appellee's demurrer to their respective answers.

In their separate answer by their guardian *ad litem,* the infant appellants alleged that the note in suit was the note of said John K. Ellis, and said Clara A. Ellis signed such note as his surety; that, on the 9th day of August, 1884, said Clara A. Ellis was a married woman, the wife of appellant John K. Ellis; that the real estate described in the complaint herein, as mortgaged to appellee, was, on said 9th day of August, 1884, and had continued to be since, the sole and separate property of said Clara A. Ellis, except as hereinafter shown, and was a gift from her father, Jesse K. Baker; that, on the — day ——, 1886, said Clara A. Ellis died at Martin county, intestate, leaving as her heirs at law these infant appellants and their co-appellant, said John K. Ellis, when the title to the two-thirds part of such real estate was cast upon these infant appellants, and the only title or interest they have in said real estate is by such inheritance ; and that repeatedly, before her death, said Clara A. Ellis declared to said John K. Ellis and others, that when an effort should be made to foreclose the mortgage now in suit, she would set up her suretyship and ask to be released from such mortgage and note.

Upon the facts alleged by the infant appellants in their separate answer, admitted to be true by appellee's demurrer thereto, both the note and mortgage now in suit were absolutely void, as to said Clara A. Ellis, who was a married woman

at the time of their execution. In section 5119, R. S. 1881, in force continuously since September 19th, 1881, it is provided as follows : "A married woman shall not enter into any contract of suretyship, whether as endorser, guarantor, or in any other manner ; and such contract, as to her, shall be void." In commenting on this section of the statute, in *Dodge* v. *Kinzy*, 101 Ind. 102, this court said : " The provisions of this section of the statute are too plain to be misunderstood. They positively forbid a married woman to enter into any contract of suretyship, in any manner, and as positively declare that any such contract, as to her, shall be void."

Accordingly, we have uniformly held, where no question of fraud or estoppel has intervened, that any contract of suretyship, whatever may be its form, entered into by a married woman since the 19th day of September, 1881, was, under the provisions of such section 5119 above quoted, as to such married woman, absolutely and wholly void. *Allen* v. *Davis*, 101 Ind. 187 ; *Warey* v. *Forst*, 102 Ind. 205 ; *Brown* v. *Will*, 103 Ind. 71 ; *Engler* v. *Acker*, 106 Ind. 223 ; *McLead* v. *Ætna Life Ins. Co.*, 107 Ind. 394 ; *Bennett* v. *Mattingly*, 110 Ind. 197 ; *Crooks* v. *Kennett*, 111 Ind. 347 ; *Bartholomew* v. *Pierson*, 112 Ind. 430 ; *State, ex rel.*, v. *Kennett*, 114 Ind. 160.

But it is claimed that the answer under consideration was bad upon demurrer, because the initial fact in the defence pleaded therein was the coverture of said Clara T. Ellis at the time she executed the note and mortgage sued on ; and coverture, it is said, is a personal defence, which a married woman may, or may not, use for her own protection, but which can not be pleaded by third parties for their own benefit. Doubtless it is true, as a general rule, under our decisions, that coverture is a personal defence, and is not an available defence for other parties. *Ætna Ins. Co.* v. *Baker*, 71 Ind. 102 ; *Bennett* v. *Mattingly, supra ; Crooks* v. *Kennett, supra.* But, upon the facts stated in the answer of the infant appellants,

this general rule can have no application to the case we are now considering. While yet a married woman, Clara A. Ellis died intestate, the owner of the mortgaged real estate. At her death, the title to two-thirds of such real estate was cast by descent upon her two children, the infant appellants. Their mother being dead, they are not, as to her, either third parties or other parties, within the meaning of those expressions in the cases last cited. They are her privies, both in blood and estate. Figuratively speaking, they stand precisely in her shoes, and have the right to avail themselves of any defence which, if living, she might have pleaded, including the defence founded upon her coverture.

For the reasons given we are of opinion that the court below erred in sustaining appellee's demurrer to the separate answer of the infant appellants herein. In his separate answer to so much of appellee's complaint as sought to foreclose the mortgage described therein, appellant John K. Ellis alleged that he was the owner of the undivided one-third part of the mortgaged real estate by inheritance from his deceased wife, Clara A. Ellis, and in no other manner; that, on the 9th day of August, 1884, said Clara A. Ellis was a married woman, and then owned said mortgaged real estate as her separate property, and had acquired her title thereto by gift from her father; that said Clara A. Ellis executed the mortgage sued upon to secure the note in suit, as security for her husband, said John K. Ellis, which said note was given for her husband's debt, and not for her own, nor for the benefit of her separate estate; and that, on the — day of ——, 1886, said Clara A. Ellis died intestate, at Martin county, leaving appellant John K. Ellis, her husband, and his co-appellants, her children, surviving her. Wherefore appellant John K. Ellis demanded judgment that his title to such real estate be quieted against appellee's mortgage.

We are of opinion that the facts stated by John K. Ellis, in his separate answer herein, are wholly insufficient to show

that he is entitled to the relief he demanded, or to any other relief in a court of equity.

It is apparent from the record of this cause that, upon the faith of the note and mortgage in suit, executed by said John K. Ellis, he procured from appellee the large sum of $650; and it does not appear that he has ever repaid, or tendered back, or offered to repay or tender back, the sum of money thus procured. Yet, appellant John K. Ellis, with appellee's money so procured in his pockets, or, at least, unaccounted for, has come into a court of equitable cognizance, and, in his answer or counter-claim, has asked such court to quiet his after-acquired title to the real estate against the mortgage thereon, which he had executed, and upon the faith of which mortgage, so executed, he had become possessed of appellee's money.

There is an old rule in equity, so old that the memory of living man " runneth not to the contrary," and so manifestly just that it has become a maxim, that he who seeks the aid of a court of equity must show that he has done, or offered to do, what equity and good conscience required him to do in the premises. Applying this rule to the case in hand, it is certain that appellant John K. Ellis has no standing in a court of equity to plead the matters stated in his answer, or to demand the equitable relief he asked for therein. By his joinder in the execution of the mortgage sued on, and upon the facts stated in his answer, we are of opinion that appellant John K. Ellis is conclusively estopped from claiming or asserting that such mortgage is void as against him, or as against his interest in the mortgaged real estate. Appellee's demurrer to the separate answer of appellant John K. Ellis was correctly sustained.

As the judgment must be reversed for the error of the court in sustaining the demurrer to the separate answer of the infant appellants, we think the interests of all the parties, appellee as well as the appellants, will be subserved by the reversal of the entire judgment.

The judgment is reversed, with costs, and the cause is remanded, with instructions to overrule the demurrer to the answer of defendants Charles J. Ellis and Jesse E. Ellis, and for further proceedings not inconsistent with this opinion.

MITCHELL, J., does not concur in all the conclusions stated in the foregoing opinion, but agrees that the judgment below must be reversed.

