Filed February 18, 1896.

---

No. 17,280.

## COATS *v.* GORDON ET AL.

| 144 | 19 |
| 149 | 19 |

ESTOPPEL.—*Married Woman.*—*Mortgage.*—*Tenants by Entireties.*—*Notice.*—A married woman is not estopped from ascertaining the invalidity, under section 6964, R. S. 1894, of a mortgage given by herself and husband on land owned by them as tenants by entirety, to secure a debt of her husband, by the mere fact that she knew such mortgage was invalid, and failed to notify the mortgagee of the character of her interest in the property. (See note at end of opinion.)

APPELLATE PROCEDURE.— *Rehearing.*— A rehearing will not be granted where no question is suggested which was not fully considered and decided on the original hearing.

From the Steuben Circuit Court.

*Cline & Dawson* and *R. W. McBride*, for appellant.

*Gilbert & Roby*, for appellees.

HACKNEY, J.—The appellant and her husband ex-

ecuted their joint mortgage of certain real estate to secure to the appellee Gordon a promissory note by said husband to said Gordon. The note and mortgage were assigned to the appellee Carver who by cross-complaint sought a judgment against said husband and also a foreclosure against him and the appellant. The complaint was by the appellant for a cancellation of the mortgage and the theory thereof was that said real estate, at the date of said mortgage, was owned by her and her husband as tenants by entireties; that the debt was that of her husband, and that her relation thereto was, by reason of the execution of said mortgage, that of a surety. The answer and the cross-complaint were upon the theory that the appellant had been estopped to claim the ownership of said real estate. The question for decision arises in various forms, but for the purposes of the case may be considered upon the special findings. It was specially found that at the date of the execution of the mortgage the appellant and her husband owned the real estate as tenants by entireties; that their deed had not then been placed upon record; that the husband, who was insolvent, desired to and did purchase a horse from Gordon and executed his individual note for the purchase-price; that the appellant received no interest in said horse or benefit therefrom; that the appellant at the time of the execution of said mortgage well knew that it was invalid, she knew that it was the intent and purpose of her husband to deliver the same to said Gordon and to receive said horse; that she permitted her husband to take said mortgage to the said Gordon, who resided eleven miles distant and to deliver the same to Gordon in her absence. It is further found that the appellant's husband, both before and after the execution of said mortgage represented

to Gordon that he was the owner, in his own right, of said real estate, and that from its value and the absence of liens it was ample security for said note. There were also findings as to Gordon's reliance upon the representations of Coats and, after finding the sum due upon the note, it was stated, as conclusions of law, that the appellant was not entitled to recover, and that Gordon should recover upon his cross-complaint. The appellees seek to uphold the conclusions of the trial court upon the theory that the appellant was, by the facts found, estopped to deny the absolute ownership, by her husband, of said real estate. On behalf of the appellant it is claimed that she was but a surety for the debt of her husband, a fact apparent upon the face of the transaction; that under section 5119, R. S. 1881; section 6964, R. S. 1894, she had no power to become a surety for the debt of another and that the facts found do not constitute an estoppel against her. The facts found connect the appellant with the transaction only in the execution of the mortgage. No affirmative act or declaration of hers, beyond the execution of the mortgage, can be considered in determining the existence of an estoppel. She received no part of the consideration, the form of the transaction and the intention of her husband and of Gordon was to constitute the husband the principal debtor. The negative elements of the estoppel urged are that when the appellant executed the mortgage she knew it to be invalid and that she remained at home, permitting her husband to go to Gordon, eleven miles distant, and deliver the mortgage as security for the debt, and failed to notify Gordon that she was, as to said real estate, a tenant by entirety with her husband. Counsel suggest no doubt that the case falls within section 5119, *supra*, unless an estoppel was made out. The appellant's knowledge of the invalidity of the mortgage was but

a knowledge of the law which, in legal contempla-
tion, was known also by Gordon. The representa-
tions of the husband were not found to have been by
the authority or with the knowledge of the appellant
and do not enter into the facts tending to establish
an estoppel as against the wife. In *Voreis* v. *Nuss-
baum*, 131 Ind. 267 (16 L. R. A. 45), it was held that a
married woman was not estopped to assert the in-
validity of her note, payable in bank and negotiated
before maturity, together with the mortgage of her
real estate, where, in fact, the consideration was not
for her benefit, but was for the use and benefit of her
husband. It was denied that any statement in the
paper as to the character of her obligation, could
estop her to set up, as against an innocent holder, her
true relationship to the obligation. It was said that
"The cases in which married women have been
estopped from claiming the protection of the statute
are cases where some statement, affidavit or repre-
sentation has been made by the party to be estopped,
which has been in good faith, relied upon by the other
contracting party, so that to permit her to show the
truth would be to assist in the perpetration of a
fraud."

In *Vogel* v. *Leichner*, 102 Ind. 55, it was held
that a married woman could not be estopped by the
mere form of the contract and it was there said : " A
person may not deal with a wife, with knowledge
of the fact, and of her want of power to bind herself
for the benefit of others, and relying upon the form of
the contract, assert that he had no knowledge of
her actual relation to the transaction. He should
have inquired. After inquiry he may govern him-
self according to the facts or the information re-
ceived from her." We are aware that recent cases
have modified the rule above quoted so far as it
applies to dealing directly with and apparently on

behalf of the wife and in her separate interest. This case, however, does not fall within the modification.

In *Cupp* v. *Campbell*, 103 Ind. 213, it was said: "One contracting an incumbrance on the estate of a married woman cannot, however, deal with her at arm's length, knowing that she is married, and that by law she is prohibited from contracting for the benefit of another; and, knowing that she is about to incumber her separate estate in his favor, he is bound to inquire concerning the consideration, and ascertain if he may, by reasonable inquiry from her, whether it is for her benefit or for the benefit of another, and unless misled by the conduct or representations of the wife, he will be held to have acquired a knowledge of the facts which prudent inquiry would have disclosed." So it may be said, we think, that when accepting the mortgage of a married woman, to secure the debt of her husband, with knowledge that it is executed for that purpose, and that the wife has no power to incumber her lands for any such purpose, he is equally bound to make inquiry of her, or from some source that will bind her, as to her interest in the lands and thereby to acquaint himself with the facts upon which his action may be taken and upon which he may assert that diligence required of him who pleads an estoppel. Here, the appellee Gordon, without inquiry from the appellant and without an examination of the records, placed his confidence in the statements of Coats, parted with his horse and accepted an invalid mortgage. No statement and no conduct of the appellant, as we have shown, in addition to the form and character of the mortgage, were relied upon by the appellee Gordon, as concluding the appellant in the transaction with her husband.

If the failure of the appellant to seek out and notify Gordon that the property was not that of her

husband is such a standing by as would estop her to claim the ownership thereof, the statute 5119, *supra,* which declares any such contract void, would become a dead letter. There would then be no case, where the wife knew of her ownership and failed to notify the creditor, that the statute would protect her. Such mortgages have time and again been held void. See *Allen* v. *Davis,* 101 Ind. 187 ; *Vogel* v. *Leichner, supra; Warey* v. *Forst,* 102 Ind. 205 ; *Brown* v. *Will,* 103 Ind. 71 ; *Cupp* v. *Campbell, supra; Engler* v. *Acker,* 106 Ind. 223 ; *Jones* v. *Ewing,* 107 Ind. 313; *Wolf* v. *Zimmerman,* 127 Ind. 486.

It is true that a married woman may be bound by an estoppel *in pais,* but, since the duty rests upon the person dealing with her to inquire of her or from some source which will bind her, as to her relations to the contract, and, since it is his duty to show that the contract is one which she is not forbidden to make, such person is in no position to claim an estoppel when he has neglected to so inquire as to her interest and her right to make the contract, but has blindly accepted the false statements of another.

The judgment is reversed with instructions to sustain the motion of the appellant for judgment in her favor upon the special findings.

Filed November 21, 1895.

## On Petition for Rehearing.

Hackney, C. J.—On the petition for a rehearing no question is suggested which was not fully considered and decided in the original opinion and counsel have not shaken our convictions there stated. The motion to modify the mandate is supported by the insistence that we were misled by a brief of appellant's counsel devoted to the form of the mandate, which brief had

not been supplied to counsel for the appellee and of which they had no knowledge, or opportunity to answer. It is possibly due to counsel and to this court to say that the brief mentioned was filed after the opinion had been written and the mandate stated, and that our conclusion was reached without reference to that brief. We believed then as we do now, that the special finding stated the facts certainly as favorable to the appellees as they could be made under the issues, and since our decision did not depend upon the evidence it was immaterial whether the evidence was in the record or not. We have no reason to believe that the appellees did not avail themselves of the opportunity of the trial to make their case as strong as the facts would permit and there is no suggestion that they were overreached by the court or opposite counsel. Another trial, therefore, could not result differently.

The petition and the motion are, for the reasons given, overruled.

Filed February 18, 1896.

NOTE.—The whole subject of tenancy by entireties is reviewed in an extensive note to *Hiles* v. *Fisher* (N. Y.), 30 L. R. A. 305.